## ERDMANN PRAHL v. COUNTY OF BROWN.[1]

### May 15, 1908.

### Nos. 15,486—(3).

**Appealable Order.**

An order of the court on appeal from the assessment of damages in ditch proceedings, under chapter 230, Laws 1905, assessing the appellant's damages and directing judgment to be entered accordingly, is not a final order and appealable within the terms of that statute.

**Evidence.**

Evidence considered, and *held* sufficient to support the findings of the trial court.

[1] Reported in 116 N. W. 483.

In proceedings for the construction of a public ditch plaintiff appealed to the district court for Brown county from the award of the county commissioners on the ground that the amount awarded him for damages to his land was insufficient. The appeal having been tried, the court, Olsen, J., made findings and ordered judgment for $300 in favor of plaintiff. From this order plaintiff appealed to this court. Affirmed.

*Eckstein & Flor* and *Wm. H. Oppenheimer,* for appellant.
*August G. Erickson, County Attorney,* for respondent.

BROWN, J.

Proceedings. were duly instituted before the board of county commissioners of Brown county for the establishment of a public ditch, under the provisions of chapter 230, p. 303, Laws 1905. The proceedings culminated in an order by the court establishing the proposed ditch and assessing damages to the various landowners through whose land the ditch extended. Feeling aggrieved by the award, plaintiff appealed therefrom to the district court, where the cause was tried by consent of the parties without a jury. The court made findings of fact and conclusions of law awarding plaintiff the sum of $300. Plaintiff then appealed to this court from the findings and order without the entry of judgment or motion for a new trial.

It is doubtful whether the order appealed from is a "final order," within the meaning of section 51, or an "appealable order," within the terms of section 41, c. 230, p. 334, Laws 1905, under which the appeal was taken. The findings of fact and conclusions of law made by the trial court were such as are made in ordinary actions, and concluded with: "Let judgment be entered accordingly." It is a thoroughly settled practice that an order for judgment is not appealable. Johnson v. Northern Pacific, F. F. & B. H. Ry. Co., 39 Minn. 30, 38 N. W. 804, and cases cited in Dunnell, Pr. 1722. Though an assessment of damages in proceedings of this kind might perhaps be made a final order within the meaning of the drainage statute, such was clearly not the effect of the one under consideration. The court, instead of attempting to make its order final, directed that further proceedings be had, namely, that judgment be entered accordingly. It is therefore clear that either judgment should have been entered or a motion for a new

trial made before taking the -appeal. However, no point was made that the order was not appealable, and for the purpose of the case we treat it as a final order within the meaning of the statute, and determine the appeal upon its merits. We make reference to the question of the appealability of the order to the end that the settled practice on the subject may not be overlooked in the future.

The sole question presented on the merits of the case is whether the damages awarded plaintiff are inadequate. We have examined the record fully, and find evidence reasonably and fairly tending to support the findings of the court; and the contention that the damages were insufficient and inadequate is not so clearly supported by the evidence as to justify a reversal. We need not discuss the evidence at length, for we are not required on review thereof to demonstrate the absolute correctness of the conclusion reached by the trial court. Carver v. Bagley, 79 Minn. 114, 81 N. W. 757. It is sufficient that we find it reasonably supports the findings of the court below. The principal contention of appellant is that the court below declined to consider an important element bearing upon the damage to his property; but the record does not bear out this claim. The trial judge expressly states in his memorandum that all the evidence, together with the opinions of the witnesses, had been fully considered, and that the amount awarded would, in his opinion, fully compensate plaintiff. Had it affirmatively appeared that some part of the evidence had not been considered, a different case would be presented; but it does not so appear, as we read and understand the record.

Order affirmed.