# W. S. HOLLISTON v. FRED ERNSTON and Another.[1]

February 14, 1913.

Nos. 17,948—(192).

**Injunction — appeal from findings.**

> In an action for a permanent injunction, tried to the court, where findings of fact and conclusions of law are made that plaintiff is entitled to judgment restraining and enjoining defendants, the order for judgment is not appealable.

Action in the district court for Yellow Medicine county to restrain defendants from individually operating an omnibus or baggage line in the city of Granite Falls. Defendants answered separately. The case was tried before Qvale, J., who made findings and as conclusion of law found that plaintiff was entitled to judgment and ordered entry of judgment enjoining defendants from driving a bus in the city of Granite Falls so long as plaintiff should continue in his present employment. From the order wherein defendants were restrained from driving a bus in the city of Granite Falls so long as plaintiff continued in his employment of bus driving, defendants appealed. Appeal dismissed.

*Davis & Michel, Paul D. Stratton* and *John I. Davis,* for appellants.

*Bert O. Loe* and *Daly & Barnard,* for respondent.

PER CURIAM.

The respondent has not raised the point that the order is not appealable, but at the argument counsel's attention was directed to the proposition by the court. Subdivision 2 of section 4365, R. L. 1905, provides that an aggrieved party may appeal from an order "which grants, refuses, dissolves, or refuses to dissolve, an injunction." But it is clear that this refers to an order which in and of

[1] Reported in 139 N. W. 805.

itself grants or refuses the injunction. Where the injunction asked for is granted by an order upon motion and hearing had, such order neither contemplates nor directs a judgment to be entered to carry it into effect and is appealable. The service of such order enjoins the party, and disobedience of the order may be punished as contempt.

But such is not this case. It cannot be claimed that service of the findings of fact and conclusions of law embodying the order for judgment would enjoin defendants, or subject them to punishment as for contempt in case of disobedience. The order appealed from does not enjoin defendants. It directs a judgment restraining and enjoining them to be entered. Until that is done there is no injunction against them from which to appeal. This was held in Johnson v. Northern Pacific F. F. & B. H. Ry. Co. 39 Minn. 30, 38 N. W. 804, which was an action for a mandatory injunction, where both parties appealed from the findings and order for judgment. The court says: "Upon looking into the record, however, we find that each appeal is from the finding and conclusions of the court, which are referred to as orders in the notices of appeal. The only way in which these findings, or direction for judgment thereon, can be reviewed, is by appeal from the judgment or order denying or granting a new trial. No question of practice is better settled."

An appeal does not lie from the findings and order for judgment. Von Glahn v. Sommer, 11 Minn. 132 (203); Prahl v. County of Brown, 104 Minn. 227, 116 N. W. 483; Doran v. Kennedy, 117 Minn. 535, 136 N. W. 1134. When the order appealed from is not appealable, this court is without jurisdiction, and the appeal should be dismissed. County of Renville v. City of Minneapolis, 112 Minn. 487, 128 N. W. 669.

Appeal dismissed.