In re the Marriage of Marlys Lurene **ROBERTSON, Petitioner, Respondent,**

v.

**William Eugene ROBERTSON, Appellant.**

No. C8–85–1125.

Court of Appeals of Minnesota.

Nov. 12, 1985.

Marlys Lurene Robertson, pro se.

James L. Erickson, Grand Rapids, for appellant.

Heard, considered and decided by POPO-VICH, C.J., and LESLIE and NIEREN-GARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

William Robertson appeals from the trial court's judgment granting Marlys Robertson the option to purchase the parties' homestead. We reverse and remand.

### FACTS

Marlys and William Robertson were awarded a dissolution of marriage on June 26, 1984. Pursuant to the agreement of the parties, the trial court awarded the homestead and cabin to Marlys and William as tenants in common, with the direction that both properties be listed for sale and sold as soon as possible. The parties stipulated to the values of the properties as of October 31, 1983 to be $57,000 for the homestead, subject to a mortgage of $1,106, and of $39,000 for the cabin, subject to a mortgage of $6,137.60 and $1,336.16 remaining on a contract for deed. If the properties were not sold by July 15, 1984, they were to be listed with a realtor agreeable to both parties or with a realtor designated by the court upon the request of either party.

In the interim, Marlys could occupy the homestead and William the cabin on Big Bowstring Lake in Itasca County. The parties agreed that before they divided the proceeds equally, the following should be paid from the proceeds: the costs of sale; all debts upon the property sold; the balance due on the MasterCard debt; the balance due on the Blandin Credit Union debt; and $3,200 to Marlys for back child support.

The trial court incorporated most of the parties' agreement as to the disposition of the proceeds into the judgment. The judgment and decree provided that upon the sale of the first parcel of real estate, whether it be the cabin or the home, the cost of sale and all encumbrances upon the land sold shall be paid from the proceeds. The balance of the proceeds were then to be distributed as follows: $3,200 to Marlys for back child support and $1,610.19 to William as a cash equalizer for the difference in value of personal property awarded the parties, with the remaining amount to be divided equally. Upon the sale of the second parcel, the cost of sale and encumbrances on the property were to be paid before the proceeds were divided equally between Marlys and William.

The trial court also directed William to continue paying the Blandin Credit Union debt of $5,875. If neither property was sold before October 1, 1984, however, the trial court determined that William and Marlys should each pay half of the payment on the loan. The trial court awarded Marlys, among other things, a certificate of deposit valued at $3,400, which the parties had pledged as security for the purchase of the cabin.

William rejected two offers by Marlys to purchase his interest in the homestead. Marlys and William failed to sell the two properties, and apparently failed to agree on a realtor with whom to list the properties. On January 28, 1985, Marlys moved the trial court for a modification and amendment of the judgment and decree, seeking in part to have the trial court award William the cabin and award her the homestead. William responded with a motion to amend the judgment and decree by awarding him occupancy of the homestead until the property was sold.

Subsequent to the hearing on the motions Marlys offered to buy William's interest in the homestead for $15,000 ($21,-603.80 less $6,603.80 for various amounts

that Marlys claimed William owed her) but William wanted $24,950.00, opposing an amendment of the judgment. Marlys' attorney wrote to the trial court that the parties could not agree and requested the court to issue its order for the sale of the two properties "along the lines indicated as soon as possible."

Realizing that a trial court cannot modify a property division after the period of appeal has expired, the trial court treated Marlys' motion to amend as a motion to interpret in order to carry out the intent of the judgment. The court gave Marlys the opportunity to purchase William's interest in the homestead for $3,079.88 and quitclaiming her interest in the cabin. The court utilized the valuations stipulated to by the parties and arrived at the $3,079.88 figure in the following way:

| | |
|---|---|
| $12,183.88 | amount of equity Marlys would receive over amount of equity William would receive. |
| −3,200.00 | back child support. |
| −3,831.19 | Marlys' certificate of deposit that Norwest bank took when the parties defaulted on the note secured by a mortgage on the cabin. |
| −3,683.00 | amount of deficiency judgment paid by Marlys because of the default on the note. |
| $ 1,469.69 | sub-total |
| + 1,610.19 | amount of cash equalizer to be paid to William. |
| $ 3,079.88 | Balance due William upon sale to Marlys. |

Although Marlys believed these terms to be unfair and inequitable, she was willing to accept them in order to resolve the parties' problems.

William argues, on appeal, that the order for sale of real estate constitutes an improper modification of the original judgment and decree, or in the alternative, that if the trial court acted within its powers, then it erred in computing the amount of cash Marlys should be required to pay for his interest in the homestead.

### ISSUES

1. Does the trial court's Order for Sale of Real Estate improperly modify the original judgment and decree?

2. If the trial court did not improperly modify the property division in the original judgment and decree, is $3,079.88 and a quitclaim deed to the cabin adequate consideration for the purchase of William's interest in the homestead?

### ANALYSIS

#### I

Minn.Stat. § 518.64, subd. 2 provides in part that "all divisions of real and personal property * * * shall be final, and may be revoked or modified only where the court finds the existence of conditions that justify reopening a judgment under the laws of this state." Minn.Stat. § 518.64, subd. 2 (1984). Those conditions are limited to mistake and fraud. *Juelfs v. Juelfs*, 359 N.W.2d 667, 670 (Minn.Ct.App.1984), *pet. for rev. denied*, (Minn.Mar. 29, 1985).

William argues that the original judgment and decree awarded the property to Marlys and William as tenants in common but the trial court's Order for Sale "has the effect of awarding her the homestead and awarding Mr. Robertson the Big Bowstring cabin," clearly a modification of the judgment and decree. Furthermore, William claims that no allegation of fraud or mistake has been made which would justify a modification.

Marlys argues that the trial court was merely attempting to correct some mistakes.

The trial court, recognizing it had no power to modify a property judgment after the period of appeal has passed, treated Marlys' motion to amend as a motion "for interpretation of the Findings of Fact, Conclusions of Law and Order for Judgment and a sale of the assets after the parties have reached an impasse when they are unable to come to a decision concerning the property."

 It is permissible to interpret and clarify a judgment because of ambiguities or uncertainty upon its face. *Stieler v. Stieler*, 244 Minn. 312, 319, 70 N.W.2d 127, 131 (1955). *See also Edelman v. Edel-*

*man,* 354 N.W.2d 562, 564 (Minn.Ct.App. 1984) (trial court did not err in interpreting an *ambiguous* original judgment). In this case, however, the judgment and decree is clear and contains no ambiguities. The judgment clearly awarded the properties to Marlys and William as tenants in common with the direction to sell the properties as soon as possible. There was nothing to interpret and clarify and the trial court worked an improper modification of the property division by awarding Marlys the homestead, which the original judgment awarded to both parties as tenants in common.

## II

Because of our conclusion that the trial court erroneously modified the original judgment and decree, we do not address the issue of consideration.

## DECISION

The trial court erroneously modified the property division contained in the original judgment and decree when it attempted to interpret and clarify the unambiguous judgment and decree that awarded the homestead and the cabin to both parties as tenants in common.

Reversed and remanded.