In re the Marriage of Mary SUNDELL, Petitioner, Respondent,

v.

Mark SUNDELL, Appellant.

No. CX–86–889.

Court of Appeals of Minnesota.

Nov. 18, 1986.

Review Denied Jan. 16, 1987.

Mary Sundell, pro se.

Michael F. Tello, Anoka, for appellant.

Considered and decided by FOLEY, P.J., and SEDGWICK and FORSBERG, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

This appeal is from an order modifying an existing child support award. We affirm.

## FACTS

The marriage of appellant Mark and respondent Mary Sundell was dissolved in 1981. Respondent was granted custody of the parties' two children. On December 13, 1985, respondent moved, inter alia, to modify and increase the child support order of April 2, 1985.

On the morning of the hearing, counsel for appellant moved for a continuance on several grounds, among them that the order to show cause had not been properly served because the signature of the judge on the original was not displayed to him, and since it was served only nine days before the hearing date he could not comply with the order to bring his income tax information and business and checking account records. Counsel argued that since appellant was improperly served he was not required to bring any records to the hearing. The court denied the motion and the hearing proceeded.

Appellant testified that because he shares his rented auto body shop with a subcontractor their records are commingled. He testified that an average body shop charges $23 an hour for labor, but that he only earned that when working for insurance companies. He said without the records he didn't bring, he couldn't estimate his income. He could only guess as to the number of hours he worked each week, somewhere between 20 and 60. When he does work, the hours aren't always billable because he does shop maintenance and general upkeep of his business for which he gets no pay.

The trial court found that he worked 40 hours a week at $23 per hour and that his gross receipts were $920 each week with a probable net of $500 per week after overhead and applicable taxes. The court modified the existing order and set child support at $172.50 per week for the two children.

## ISSUE

1. Did the trial court err in refusing a continuance of the December 13, 1985 hearing?

2. Did the trial court err in modifying existing child support?

## ANALYSIS

■ 1. Respondent questions whether the appeal is timely. According to *Angelos v. Angelos*, 367 N.W.2d 518 (Minn.1985), modification proceedings brought pursuant to Minn.Stat. §§ 518.18 and 518.64 are "special proceedings" within Minn.R.Civ. App.P. 103.03(g). Appeals from special proceedings must be taken within the time frame set for an appeal from an order. Minn.R.Civ.App.P. 104.03. Appeals from an order must be made within 30 days following service by the adverse party of written notice of filing the order. Minn.R. Civ.App.P. 104.01. Here, respondent did

not serve written notice of filing the order. The appeal is timely.

■ Appellant argues the trial court erred in refusing to grant a continuance, in failing to direct the court reporter to preserve counsel's remarks for the record and in taking judicial notice of the operating costs of an auto repair shop.

Counsel for appellant made no effort to request a continuance until the morning of trial, although he had at least nine days in which to do so. The trial court did not clearly abuse its discretion in refusing a continuance. Counsel's remarks in arguing a motion are not evidence and we fail to see any prejudice in not recording them.

■ 2. Here, the original order set child support at $15 per week or payment pursuant to Minn.Stat. § 518.551, subd. 5, for two children, whichever is greater, effective November 1, 1984. No finding of income was made at the time that order was made.

The record is clear that appellant has few records, pays no taxes, doesn't know how many hours he works or what he is paid per hour and he is always paid in cash. Based on this incredible testimony, the trial court found appellant earned $23 per hour—an amount he said was paid by insurance companies for car repair, and selected 40 hours as a reasonable workweek, i.e., midway between 20 and 60.

There was testimony that respondent's and the children's needs had gone up substantially because she has child care costs of $400 per month since leaving AFDC.

The findings made by the trial court, while not strictly complying with the four factors listed in Minn.Stat. § 518.64, subd. 2 (Supp.1985), or *Moylan v. Moylan*, 384 N.W.2d 859 (Minn.1986), were the best that could be done considering the obfuscation by appellant. Appellant's claim that he couldn't be required to get records together in nine days and that he didn't have to bring them anyway is spurious. He had notice of the motion, which included a motion for contempt for nonpayment under the prior order and he was obligated to respond to the motion with appropriate information. (The contempt issue was heard later and is not a part of this appeal.)

In *Hadrava v. Hadrava*, 357 N.W.2d 376 (Minn.Ct.App.1984), this court held the trial court record inadequate for purposes of modifying a support order because no tax returns or other records were submitted. Here, appellant's counsel stated to the court that no tax returns existed and advised his client to claim fifth amendment privilege to questions regarding taxes. The court may therefore conclude the records do not exist and do its best to fashion an order.

Similarly, the trial court estimated 25% for business overhead and 25% for taxes without benefit of evidence. If appellant had wanted the court to have accurate figures, he could have furnished them.

Reversal by an appellate court for abuse of discretion occurs upon finding a clearly erroneous conclusion that is against logic and the facts on record. *Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn.1984). We believe the record supports the trial court.

## DECISION

The trial court is affirmed.