**In re the Marriage of Audrey Joan THEISEN, Petitioner, Appellant,**

v.

**Edmund I. THEISEN, Respondent.**

**No. C6–86–1571.**

Court of Appeals of Minnesota.

May 12, 1987.

Barry V. Voss, Minneapolis, for appellant.

Jean E. Paulson, Nelson, Nelson & Paulson, Cokato, for respondent.

Richard H. West, Johnson, MacDonald, West, Tierney & Adams, Buffalo, for guardian ad litem.

Considered and decided by POPOVICH, C.J., and HUSPENI and MULALLY, JJ.,* with oral argument waived.

## OPINION

HUSPENI, Judge.

Audrey Theisen appeals from a custody modification transferring custody of the parties' children to respondent. She argues that the trial court's findings are not supported by the evidence and that the findings are insufficient to support the custodial modification. We affirm.

## FACTS

Appellant and respondent's three year marriage was dissolved by decree on January 20, 1979. According to the parties' stipulation, appellant assumed custody of their two children. Appellant also had custody of two children from a previous marriage.

Appellant remarried in October 1983. In October 1984, she pleaded guilty to several criminal charges and was sentenced to serve three years in the Women's State Prison at Shakopee, Minnesota. Appellant is allowed to have her children spend the weekends with her at the prison. Her present husband and her mother care for the children during the week.

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

On April 11, 1985, respondent filed a motion for a modification of the children's custody. At the evidentiary hearing on respondent's motion, there was extensive testimony from several witnesses about the parties' parenting skills. The guardian ad litem, who had also prepared the custody report, testified and recommended that custody of the children be transferred to respondent.

The trial court, in commendably detailed findings, determined that there had been a substantial change in circumstances and noted in part that:

Commencing on or before December, 1982, [appellant] engaged in a series of criminal acts leading to her subsequent arrest on August 15, 1984.

On October 31, 1984, [appellant] was convicted by her plea of guilty of seven criminal offenses, including Forgery, Theft by Swindle and Theft. That as a result of the criminal charges * * * [appellant] was * * * sentenced to serve three years in the Women's State Prison at Shakopee, with execution of sentence commencing forthwith. * * *

The [r]espondent remarried on January 6, 1985 and his present marriage relationship is uniformly described by family, friends and co-workers as stable, loving and caring. Respondent no longer has a job that requires him to travel. He and his present wife have established a home in which both are present.

The trial court also found that appellant had "consistently engaged in a pattern of unwarranted and willful interference with [r]espondent's right of visitation * * * and has made repeated attempts to alienate" the children from their father.

The children's emotional development was also found to be in jeopardy. In addition to alienating the children from their father, the trial court indicated that:

[Appellant] has been deceptive, misleading and manipulative in her dealing with medical providers, school personnel, mental health professionals and religious instructors, where an accurate personal history or circumstances of the family or children would have been helpful in meeting the physical and emotional needs of the children.

[Appellant] has engaged in a pattern of manipulation and deceit to achieve her own personal monetary, emotional or social gains, and said conduct has affected adversely the emotional development of said children.

[Appellant's] willful criminal activity has resulted in physical and emotional instability for each of the children and has resulted in their increased emotional pain and isolation from community and friends.

Finally, the trial court found that the custody change was in the children's best interests because:

[Appellant's] pattern of conduct, having existed over the years, is unlikely to change; with the result that the children will continue to be adversely affected in the future.

Respondent has demonstrated a willingness to participate in and cooperate with any evaluation and counseling that will be required for the normal development of the children in the years ahead.

Respondent is capable of providing emotional and physical stability for said children, and is the appropriate person to have the care, custody and control of [the children].

The trial court concluded by noting it had delayed issuing its findings and order for judgment "in order to allow visitation and continued contact between the children and their natural father in order that the relationship be stabilized prior to issuing this decision."

## ISSUES

1. Does appellant's failure to serve her appellate brief on the guardian ad litem require dismissal of the appeal?

2. Did the trial court abuse its discretion in granting a custody modification request?

3. Are either appellant or respondent entitled to attorney's fees?

## ANALYSIS

### I.

Following the completion of briefing, respondent brought a motion requesting dismissal of the appeal for appellant's failure to serve the brief on the guardian ad litem. By order of this court a decision on the motion was deferred until consideration of all appeal issues on the merits.

■ The guardian ad litem is a party to this action and service of the brief was required. However, in this case dismissal for a procedural failure is inappropriate because the failure has not prejudiced respondent. *See Boom v. Boom*, 361 N.W.2d 34, 36 (Minn.1985). At trial, the position of respondent and the guardian ad litem were essentially the same. Respondent sought custody of the minor children and the guardian ad litem recommended that respondent be granted that custody. The guardian ad litem was made aware of the appeal at least at the time respondent filed his brief and has not attempted to interject any additional arguments. Finally, respondent has prevailed on appeal. No prejudice has been demonstrated and respondent's motion is denied.

### II.

The trial court has broad discretion in child custody matters and should not be reversed unless there is a clear showing of an abuse of that discretion. *Englund v. Englund*, 352 N.W.2d 800, 802 (Minn.Ct. App.1984). A trial court's findings of fact will not be disturbed unless they are clearly erroneous. Minn.R.Civ.P. 52.01.

■ Under Minn.Stat. § 518.18(d) (1984), a trial court can modify a prior custody order only if it finds that:

1) a change in circumstances has occurred; 2) a modification is necessary to serve the child's best interests; 3) the child's present environment endangers the child's health or impairs emotional development; and 4) the harm likely caused by the change is outweighed by the advantages of the change.

*Gottenborg v. Gottenborg*, 343 N.W.2d 674, 676 (Minn.Ct.App.1984) (citing *State ex rel. Gunderson v. Preuss*, 336 N.W.2d 546 (Minn.1983)). The party seeking modification has the burden of proving a change in circumstances. *Gottenborg*, 343 N.W.2d at 675.

Appellant argues that the evidence does not support the trial court's finding that a significant change in circumstances has occurred. She claims that, if anything, the structured activities at the prison have strengthened her relationship with her children.

■ We must agree with the trial court that appellant's imprisonment represents a significant change in circumstances. Further, the evidence and the trial court's findings show that appellant has repeatedly interfered with respondent's visitation rights, resulting in a continued deterioration of respondent's relationship with his children. *See Myhervold v. Myhervold*, 271 N.W.2d 837, 838 (Minn.1978).

■ Appellant also contends that the best interests of the children would be served if custody of the children remained with her to maintain continuity in supervision and parenting. As already noted, appellant is presently incarcerated. The trial court's findings on the children's best interests went beyond the consideration of parental continuity when it found:

[T]he children deserve and require for their well-being a normalized relationship with both parents; and they must develop the ability to deal with other persons and events in their lives in a realistic manner without deception or manipulation. The children are unlikely to develop these abilities in the custody of [appellant], and will have the opportunity to achieve these goals in the custody of [r]espondent.

Further, the custody study indicated that appellant's absence from the home, multiple relocations and numerous job changes have exposed the children to a considerable amount of emotional instability. These factors negate the desirability of parental continuity and support the trial court's finding that a custody modification was in the children's best interests.

■ Finally, appellant argues that the trial court failed to make specific findings on why the children's present environment was dangerous and why the advantages of a custody modification outweighed the harm likely to be caused by the change. Regarding the children's present environment, the trial court found:

[Appellant] has created and maintains an atmosphere of unwarranted suspicion and accusation regarding the conduct of [r]espondent toward said children.

That [appellant's] alienation of the children from their father resulted in psychological damage to said children; and her continued false accusations and representations will delay and impair their ability to relate positively to him in the future.

In addition, as previously noted, the trial court found that appellant had given inaccurate information to various professionals treating the children.

The trial court also articulated several advantages to a change of custody, including:

Visitation under court order between [r]espondent and the children pending a decision in this matter has been closely evaluated by the guardian ad litem, and it is the opinion of this Court, based upon the reports of said guardian ad litem and upon its personal interview with said children that any fear of the children relative to their father has been eliminated and that the dangers of trauma by a change of custody as previously noted by the psychological evaluations, have been substantially reduced.

These detailed findings are more than adequate to support the trial court's custody modification.

## III.

■ Respondent has requested attorney's fees on appeal pursuant to Minn.Stat. § 549.21 (1986). In consideration of all the circumstances here present, we deem such award to be inappropriate. Appellant has also requested costs, disbursements, and attorney's fees under Minn.Stat. § 549.21, arguing that respondent's motion to dismiss was frivolous. We find no merit to appellant's contention and deny her request.

## DECISION

The trial court did not abuse its discretion in transferring custody of the parties' two children to respondent. Respondent's motion to dismiss this appeal is denied. Both parties' requests for attorney's fees are denied.

Affirmed.