**In the Matter of Joan SCHUELLER.**

**No. C6–88–1199.**

Court of Appeals of Minnesota.

July 19, 1988.

Marilyn Knudsen, St. Paul, for appellant Schueller.

Thomas Johnson, Hennepin Co. Atty., John Owen, Asst. Co. Atty., Minneapolis, for respondents.

Considered at Special Term and decided by FOLEY, P.J., and HUSPENI and KALITOWSKI, JJ., without oral argument.

## SPECIAL TERM OPINION

FOLEY, Judge.

### FACTS

Joan Schueller was committed as a mentally ill person. The trial court's findings of fact, conclusions of law, and order for judgment were signed and filed on February 17, 1988. The clerk entered judgment pursuant to the court's instructions on the same day. A notice of appeal, seeking review of the order for commitment, was served on June 2, 1988 and filed on June 6, 1988. Respondents (who petitioned below for Schueller's commitment) moved to dismiss the appeal and Schueller failed to respond.

### DECISION

Minn.Stat. § 253B.23, subd. 7 (1986) authorizes appeals "from any order entered under [the Commitment Act] as in other civil cases." Ordinarily, the time to appeal from an order expires 30 days after the adverse party serves notice of filing, Minn. R.Civ.App.P. 104.01, and no notice of filing has ever been served in this case. However, where an order which is otherwise appealable specifically directs the entry of judgment, the order does not become effective or final until judgment is entered, and the proper appeal is from the judgment. *See Holliston v. Ernston*, 120 Minn. 507, 139 N.W. 805 (1913) (although *order* granting an injunction is appealable of right, an *order for judgment* granting an injunction is not appealable or effective until judgment is entered, and proper appeal is from judgment).

Although the Commitment Act does not require the entry of judgment, here the trial court directed entry of a judgment. Thus, the order for commitment became merged with the judgment, and the appeal should have been taken from the judgment. If the appeal from the judgment had been timely taken, the order for commitment would be reviewable. Here, it is not.

A judgment must be appealed within 90 days after its entry. Minn.R.Civ.App. P. 104.01. The last day for appeal from the February 17, 1988 judgment in this case was May 17, 1988. The appeal papers were not served until more than two weeks

later. This court may not extend the time for taking an appeal. Minn.R.Civ.App.P. 126.02. Once the time to appeal from the judgment has expired, all orders issued before the judgment, including those of which written notice has not been given, cease to be appealable. *Harcum v. Benson,* 135 Minn. 23, 160 N.W. 80 (1916).

Appeal dismissed.