In Re the Marriage of DeWayne
Kermit ERICKSON, Lower
Court Petitioner,

v.

Betty Lou ERICKSON, Respondent.

Nos. C3–88–1953, C2–88–1958.

Court of Appeals of Minnesota.

Oct. 25, 1988.

John Martin, St. Paul, for lower court petitioner.

Scott Lepak, Steffen & Munstenteiger, Anoka, for respondent.

Considered at Special Term and decided by WOZNIAK, C.J., and HUSPENI and SCHUMACHER, JJ., without oral argument.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

When the parties divorced in 1984, Betty Erickson was awarded the right to receive

one-half of the equity in the homestead upon its sale. The home was to be placed upon the active real estate market after the parties' son turned 18 in July 1984. More than four years later, the house remains unsold.

Pursuant to motions brought by Betty Erickson, the trial court ordered the parties to appear in February 1988 for determination whether DeWayne Erickson had made reasonable efforts toward sale. By findings, conclusions, and order for judgment on June 8, 1988, the trial court found DeWayne Erickson had "not made good faith and reasonable efforts to sell the property and satisfy [Betty Erickson's] lien." The court determined the parties' equity, valued Betty Erickson's lien and characterized it as a mortgage which may be foreclosed, and awarded attorney fees and costs to Betty Erickson. The trial court specifically directed that judgment be entered.

DeWayne Erickson moved for amended findings and a new trial.[1] By findings, conclusions, and "order amending findings of fact and order for judgment" on August 16, 1988, the trial court denied DeWayne Erickson's motions, modified several findings, confirmed its prior decision, and specifically directed that judgment be entered.

DeWayne Erickson filed an appeal (C3–88–1953) and a petition for discretionary review (C2–88–1958), seeking review of the August 16 order. We questioned our jurisdiction to review that order.

## DECISION

■ Orders determining post-decree motions for modification of child support, custody, visitation, and maintenance, based upon allegations of changed circumstances, are appealable as final orders in "special proceedings," within the meaning of Minn. R.Civ.App. P. 103.03(g). *Angelos v. Angelos*, 367 N.W.2d 518, 520 (Minn.1985). However, property awards are generally final and not subject to modification, Minn. Stat. § 518.64, subd. 2 (1986), and proceedings for modification of property awards are not "special proceedings." *Angelos*, 367 N.W.2d at 520. This case raises the issue of our jurisdiction to review post-decree decisions relating to property.

■ Although DeWayne Erickson argues the trial court's decision amounts to modification of the property award, this matter did not arise as a motion for modification. The trial court was called upon to interpret and enforce its decree. Final orders of this nature are appealable. *See Linder v. Linder*, 391 N.W.2d 5, 8 (Minn. Ct.App.1986) (held, on appeal from amended judgment, trial court may implement and enforce provisions of decree related to property to expedite sale of home); *Hanson v. Hanson*, 379 N.W.2d 230, 233 (Minn. Ct.App.1985) (held, on appeal from amended judgment, trial court may clarify, implement, and enforce its own division of property); *Sullivan v. Sullivan*, 374 N.W.2d 517, 519 (Minn.Ct.App.1985) (held, on appeal from order, trial court may implement provisions governing sale of home).

■ No appeal was taken from the June 8 order. However, both trial court orders directed that judgment be entered. Where an order which is otherwise appealable directs the entry of a judgment, the order is not appealable or effective until a judgment has been entered, and the proper appeal is from the *judgment. Holliston v. Ernston*, 120 Minn. 507, 139 N.W. 805 (1913).

---

1. Because we conclude the proper appeal is from a judgment, we do not decide whether the hearing amounted to a trial. We note that a motion for a "new" trial is an anomaly where there has been no trial and the denial of such a motion is not appealable. *Parson v. Argue,* 344 N.W.2d 431 (Minn.Ct.App.1984). Few post-decree proceedings will constitute a trial.

The appeal from the August 16 order was improperly taken. Discretionary review is unnecessary. DeWayne Erickson may still appeal from a judgment entered pursuant to the trial court's orders, and he may then argue that the trial court's action amounted to an impermissible modification of the property award. *See Robertson v. Robertson,* 376 N.W.2d 733 (Minn.Ct.App. 1985) (amended judgment which constituted modification reversed).

Appeal dismissed and discretionary review denied.