George SARIC, et al., Respondents,

v.

Mildred Marion STOVER, Respondent,

Joyce Willprecht–Sandgren, Appellant.

No. CX–89–2303.

Court of Appeals of Minnesota.

Feb. 6, 1990.

Charles T. Hvass, Jr., Hvass, Weisman & King, Minneapolis, for George Saric, et al.

James T. Martin, Gislason, Martin & Varpness, Edina, for Mildred Marion Stover.

Steven J. Pfefferle, Murnane, Conlin, White, Brandt & Hoffman, St. Paul, for Joyce Willprecht–Sandgren.

Considered at Special Term and decided by WOZNIAK, C.J., and RANDALL and SCHUMACHER, JJ.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

Respondents Saric et al. prevailed in a personal injury action. Judgment on the merits was entered on October 3, 1989.

Appellant Willprecht–Sandgren moved for judgment notwithstanding the verdict or for a new trial. The trial court denied the motions in an order dated November 22, 1989. That order directed that "judgment be entered accordingly." This appeal, from the October 3, 1989 judgment on the merits and the November 22, 1989 order, was taken on December 29, 1989. This court questioned jurisdiction to review the November 22 order. Judgment was entered on the November 22 order on January 8, 1990.

### DECISION

An order denying a new trial is appealable. Minn.R.Civ.App.P. 103.03(d). When the trial court directed entry of judgment on the November 22 order, however, an appealable order denying a new trial was converted into a nonappealable order for judgment. The order was not appealable or effective until a judgment had been entered, and the proper appeal is from the judgment. *Erickson v. Erickson*, 430 N.W.2d 499, 500 (Minn.Ct.App.1988).

It is not necessary for the trial courts to direct entry of judgment on orders denying a new trial. *Cf.* Minn.R.Civ.P. 58.01 (when entry of judgment is required). Since an appeal from the order is authorized, confu-

sion is caused by directing that judgment be entered. However, when the trial court has included such direction in an order, the parties must await the entry of judgment and perfect their appeal from that judgment.

Since the November 22 order for judgment is nonappealable, this court lacks jurisdiction to review it. *See Holliston v. Ernston,* 120 Minn. 507, 508, 139 N.W. 805, 805 (1913) (court must dismiss appeal from injunction order where order directs entry of judgment, although such orders are ordinarily appealable). We cannot construe the appeal to be from the January 8 judgment because the appeal was filed prior to entry of that judgment. *See Schaust v. Town Board of Hollywood Township,* 295 Minn. 571, 572, 204 N.W.2d 646, 648 (1973) (appeal from judgment prior to entry is premature and must be dismissed).

The portion of the appeal from the November 22, 1989 order for judgment is dismissed. The portion of the appeal from the October 3, 1989 judgment on the merits shall proceed according to the Rules of Civil Appellate Procedure. This opinion shall not preclude a timely and proper appeal from the January 8, 1990 judgment entered pursuant to the November 22 order or a motion to consolidate such appeal with this appeal.

Portion of appeal dismissed.

SCHUMACHER, Judge (dissenting).

I respectfully dissent. The majority's decision runs counter to our mandate to liberally construe notices of appeal in favor of their sufficiency. *See Kelly v. Kelly,* 371 N.W.2d 193, 195 (Minn.1985) (notice of appeal is not insufficient due to clerical errors or defects which could not have been misleading). Here, the order denying a new trial was clearly appealable. The order should not lose this status merely because entry of judgment was directed. When an order is otherwise appealable, and no party has been misled, a direction for entry of judgment should not preclude appealability of the order. To hold otherwise only re-

sults, as here, in unnecessary delay and increased costs.