**In re the Marriage of Bendix Harold HOFSETH, Jr., petitioner, Respondent,**

v.

**Juanita Margaret Frye HOFSETH, Appellant.**

**No. C1–90–705.**

Court of Appeals of Minnesota.

May 22, 1990.

Michael G. Singer, Minneapolis, William L. Phillips, St. Paul, for respondent.

Christopher Michael Carde, Apple Valley, for appellant.

Mary C. Lauhead, St. Paul, Guardian Ad Litem, for minor children.

Considered at Special Term and decided by PARKER, P.J., and CRIPPEN and GARDEBRING, JJ.

## SPECIAL TERM OPINION

PARKER, Judge.

### FACTS

The parties were awarded joint legal and physical custody of their two sons under a 1983 dissolution decree. Respondent (father) later petitioned for sole physical custody. Appellant (mother) filed a juvenile protection petition, alleging that respondent had abused the children. The juvenile and custody modification proceedings were consolidated, and evidentiary hearings were held.

After the hearings were concluded, but prior to decision, appellant fled the jurisdiction with the children. By order on April 15, 1988, the trial court transferred physical custody to respondent, with no visitation by appellant until further order. Although the order specifically directed entry of judgment, the court administrator did not enter an amended judgment. On April 19, 1988, respondent served notice of filing the April 15 order on appellant's attorney.

In May 1989, appellant was apprehended and the children were returned to respondent. Appellant returned to Minnesota and sought visitation. By order on January 5, 1990, the trial court appointed a guardian ad litem and denied visitation pending the guardian's report. The trial court also directed the court administrator to enter judgment *nunc pro tunc* on the April 15, 1988 order modifying custody. Judgment was entered on January 8, 1990. On January 11, the guardian ad litem served notice of filing the April 15, 1988 order and the January 8, 1990 judgment on all parties.

This appeal was taken on March 28, 1990, from the January 8, 1990 judgment. Appellant did not serve a notice of appeal on the guardian. This court questioned jurisdiction. Appellant, respondent, and the guardian submitted memoranda.

### DECISION

■ Modification proceedings brought pursuant to Minn.Stat. §§ 518.18 and 518.64 are "special proceedings" within the meaning of Minn.R.Civ.App.P. 103.03(g).

*Angelos v. Angelos,* 367 N.W.2d 518, 520 (Minn.1985). Final *orders* denying or granting modification of custody, visitation, maintenance, and support are appealable as of right. *Id.*

■ Absent the direction for entry of judgment, the April 15, 1988 order modifying custody and visitation would have been appealable, and respondent's service of notice of filing would have limited the time for appeal. *See Sundell v. Sundell,* 396 N.W.2d 89 (Minn.App.1986), *pet. for rev. denied* (Minn. Jan. 16, 1987) (appeal timely where no notice of filing modification order was served). However, if an otherwise appealable order directs entry of judgment, the order is nonappealable and the proper appeal is from the resulting judgment. *Saric v. Stover,* 451 N.W.2d 65, 65 (Minn. App.1990).

Judgment pursuant to the April 15, 1988 order was entered on January 8, 1990. Although judgment was entered *nunc pro tunc* to April 15, 1988, the appeal was properly taken from the January 8, 1990 judgment. No judgment existed until January 8, and any appeal filed prior to entry would have been dismissed. *See Schaust v. Town Board of Hollywood Township,* 295 Minn. 571, 572, 204 N.W.2d 646, 648 (1973) (appeal from judgment prior to entry is premature and must be dismissed).

## 1. TIME FOR APPEAL

■ Unless a different appeal time is provided by statute, an appeal from "the final order *or* judgment" in a special proceeding must be taken "within the time limited for appeal from an order." Minn.R. Civ.App.P. 104.03 (emphasis added). An appeal from an order must be taken within 30 days after service by an adverse party of written notice of filing. Minn.R.Civ. App.P. 104.01. The supreme court has specifically held that if a judgment is entered on a final order in a special proceeding arising from a dissolution action, it *must* be appealed within 30 days after notice of filing is served. *Willeck v. Willeck,* 286 Minn. 553, 555, 176 N.W.2d 558, 560 (1970). That rule applies to this case.

The time to appeal a judgment in a special proceeding differs from the usual appeal period for judgments. *See* Minn.R. Civ.App.P. 104.01 (appeal must be taken within 90 days after *entry* of judgment). Even if a judgment is entered, appeals in special proceedings must be taken within 30 days after an adverse party serves notice of filing.

Recently, appeals from special proceedings have commanded a greater share of appellate resources. A variety of matters, including petitions for mandamus, post-dissolution decree modification requests, commitment actions, unlawful detainer actions, and implied consent proceedings, are special proceedings. *See Schiltz v. City of Duluth,* 449 N.W.2d 439 (Minn.1990) (mandamus); *Angelos v. Angelos,* 367 N.W.2d 518 (Minn.1985) (modification proceedings); *In re Jost,* 437 N.W.2d 89 (Minn.App.1989), *rev'd on other grounds,* 449 N.W.2d 719 (Minn.1990) (commitment); *Tonkaway Limited Partnership v. McLain,* 433 N.W.2d 443 (Minn.App.1988) (unlawful detainer); *Knutson v. Commissioner of Public Safety,* 406 N.W.2d 560 (Minn.App.1987) (implied consent). In all such proceedings, the time to appeal from the final order or judgment is the same, and the appeal period is limited by service of notice of filing. If an appeal is taken beyond the 30 days permitted by Rule 104.03, the appeal must be dismissed. *Willeck,* 286 Minn. at 555, 176 N.W.2d at 560.

Appellant's reliance upon *In re Schueller,* 426 N.W.2d 241 (Minn.App.1988) is misplaced. The appellant in that case did not contest respondent's assertion that the time to appeal the judgment in a special proceeding had expired. We held that the underlying order could not be appealed separately after the time to appeal the judgment expired. *Id.* at 243.

That holding is consistent with precedent of long standing. *See Harcum v. Benson,* 135 Minn. 23, 160 N.W. 80 (1916) (all prejudgment orders cease to be appealable once time to appeal judgment expires).

The balance of our opinion in *Schueller* has been called into question. *Compare In re Allen,* 451 N.W.2d 68 (Minn.App.1990)

(Minn.Stat. § 253B.09, subd. 2 requires entry of judgment in commitment proceedings) with *Schueller,* 426 N.W.2d at 242 (no judgment required in commitment proceedings); *Willeck,* 286 Minn. at 555, 176 N.W.2d at 560 (where order and judgment entered on the same day, time to appeal judgment is 30 days after notice of filing) and Minn.R.Civ.App.P. 104.03 (appeal from judgment in special proceeding must be taken within time limited for appeal from an order) with *Schueller,* 426 N.W.2d at 242 (no discussion of shorter time to appeal judgment in special proceedings; dictum indicated Minn.R.Civ.App.P. 104.01 applied).

Despite occasional confusion, the unambiguous language of Minn.R.Civ.App.P. 104.03 compels our holding that the time to appeal a final judgment in a special proceeding expires 30 days after an adverse party serves notice of filing.

## 2. ADVERSE PARTY

The guardian ad litem served notice of filing of the January 8 judgment on appellant on January 11. However, only service of written notice by an "adverse party" triggers the 30–day appeal period. Minn.R.Civ.App.P. 104.01; *O'Brien v. Wendt,* 295 N.W.2d 367, 370 (Minn.1980) (definition of adverse party focuses on positions taken *at trial*).

The guardian was appointed less than one week before she served notice of filing the January 8 judgment on appellant. There is no indication that the guardian had taken any position adverse to appellant before the notice of filing was served, or even by March 28, when the appeal was filed. Under the unusual facts of this case, we conclude the guardian was not an "adverse party." Her notice of filing did not limit the time for appeal and service of the notice of appeal upon her was not a jurisdictional prerequisite under Minn.R.Civ. App.P. 103.01, subd. 1(a). *See Theisen v. Theisen,* 405 N.W.2d 470 (Minn.App.1987) (although guardian ad litem was a party, failure to serve notice of appeal and appellant's brief were not jurisdictional defects).

The guardian is entitled to service of the appeal papers under Family Court Rule 1.02 and the trial court's January 5 order. Since failure to serve the guardian is not a jurisdictional defect, and no substantial prejudice has been shown, dismissal is inappropriate. *See Boom v. Boom,* 361 N.W.2d 34, 36 (Minn.1985) (dismissal for procedural errors inappropriate absent substantial prejudice to respondent).

Because no party who took an adverse position in the trial court has served notice of filing of the January 8 judgment upon appellant, the 30–day time period for appeal has not expired and this appeal is timely. The appeal shall proceed pursuant to the Rules of Civil Appellate Procedure.

Appeal to proceed.