Jack M. SINGER, Appellant,

v.

CITY OF MINNEAPOLIS, Respondent.

No. C4–98–1560.

Court of Appeals of Minnesota.

Dec. 15, 1998.

Jack M. Singer, Minneapolis (pro se appellant).

Jay Heffern, Minneapolis City Attorney, William C. Dunning, Assistant City Attorney, Minneapolis (for respondent).

Considered at Special Term and decided by TOUSSAINT, Chief Judge, CRIPPEN, Judge, and SHUMAKER, Judge.

**805**

**SPECIAL TERM OPINION**

TOUSSAINT, Chief Judge.

### FACTS

Appellant Jack M. Singer purchased seven lots located in the City of Minneapolis (the city) at various tax forfeiture sales. Appellant failed to comply with a notice from the city directing him to abate nuisance conditions of overgrown grass and weeds on the properties. Eventually, the city's contractor cut the grass and weeds, and the city assessed the costs for the abatement of the nuisance conditions to the properties. The city-appointed hearing officer and the city council upheld the special assessments. Appellant then filed an appeal of the special assessments to the district court.

The district court affirmed the special assessments by order on June 2, 1998. The order specifically directed entry of judgment, and judgment was entered on July 2, 1998. This appeal from the July 2, 1998, judgment was filed on August 26, 1998. This court questioned whether the appeal was timely, and the parties submitted memoranda.

### DECISION

Municipal councils in second, third, and fourth-class cities, in statutory cities, and in towns may make improvements and assess the costs of such improvements on the affected properties. Minn.Stat. §§ 429.011, subd. 2, 429.101 (1996). Abatement of nuisances is included in the list of authorized improvements. Minn.Stat. § 429.021, subd. 1(8) (Supp.1997). Although Minneapolis is a city of the first class, in 1969 the legislature permitted Minneapolis to exercise the powers and procedures provided in chapter 429. 1969 Minn. Laws ch. 499. Absent a specific charter or ordinance provision governing the assessment procedure, Minn.Stat. ch. 429 applies to special assessments made under the city's home rule charter. *Gadey v. City of Minneapolis*, 517 N.W.2d 344, 348 (Minn. App.1994), *review denied* (Minn. Aug. 24, 1994).

A property owner may appeal a special assessment to the district court. Minn.Stat. § 429.081 (1996). A special assessment appeal before the district court pursuant to Minn.Stat. § 429.081 is in the nature of a special proceeding. *Marzitelli v. City of Little Canada,* 582 N.W.2d 904, 905–06 (Minn.1998). An appeal may be taken from a "final order, decision or judgment affecting a substantial right" made in a special proceeding. Minn. R. Civ.App. P. 103.03(g).

An appealable order is not rendered nonappealable by language directing the entry of judgment. *Marzitelli,* 582 N.W.2d at 906 (overruling *Saric v. Stover,* 451 N.W.2d 65 (Minn.App.1990)). In this case, the June 2, 1998, order affirming the special assessments was appealable, despite the district court's direction for entry of judgment.

When the district court includes in its order a direction to enter judgment, counsel are justified in taking an appeal from the judgment even though an appeal from the order would be proper. *City of Shorewood v. Metropolitan Waste Control Comm'n,* 533 N.W.2d 402, 404 (Minn.1995). In this case, although the June 2, 1998, order affirming the special assessment was appealable, the July 2, 1998, judgment was also appealable because the district court specifically directed entry of judgment on the June 2, 1998, order.

Except as otherwise provided by statute, an appeal from the final order or judgment affecting a substantial right made in a special proceeding "must be taken within the time limited for appeal from an order." Minn. R. Civ.App. P. 104.03.[1] An appeal from an order may be taken within 30 days after an adverse party serves written notice of filing, unless a different time is provided by law. Minn. R. Civ.App. P. 104.01.

This court interpreted rule 104.03 as providing that the time to appeal a final judgment in a special proceeding expires 30 days after an adverse party serves notice of filing.

*Hofseth v. Hofseth,* 456 N.W.2d 99, 102 (Minn.App.1990). But the supreme court recently clarified that the time to appeal a judgment in a special proceeding under rule 104.03 expires 30 days after entry of the judgment. *See Marzitelli,* 582 N.W.2d at 906 n. 15 (noting that appellants failed to timely appeal judgment within 30 days after its entry).

In this case, the time to appeal the July 2, 1998, judgment expired on Monday, August 3, 1998, which was 30 days after its entry. *See* Minn. R. Civ.App. P. 126; Minn. R. Civ. P. 6.01 (last days of prescribed period excluded if it falls on a Saturday, Sunday or legal holiday). This appeal was not filed until August 26, 1998. The appeal of the July 2, 1998, judgment is untimely.

The city did not serve notice of filing of the underlying June 2, 1998, order to limit the time to appeal. Minn. R. Civ.App. P. 104.03, 104.01. But Minn. R. Civ.App. P. 104.02 provides in part that:

No order made prior to the entry of judgment shall be appealable after the expiration of the time to appeal from the judgment.

Pursuant to Minn. R. Civ.App. P. 104.02, appellate review of the June 2, 1998, order is precluded because the time to appeal the July 2, 1998, judgment expired before this appeal was filed, even though an appeal of the June 2, 1998, order otherwise would have been timely. Dismissal of the appeal is required because this court lacks authority to extend the appeal period or to consider an untimely appeal. *See* Minn. R. Civ.App. P. 126.02 (time to file notice of appeal may not be extended); *Township of Honner v. Redwood County,* 518 N.W.2d 639, 641 (Minn. App.1994) (court of appeals lacks jurisdiction to consider untimely appeal), *review denied* (Minn. Sept. 16, 1994).

**Appeal dismissed.**

---

1. Under the 1999 amendments to the rules of civil appellate procedure, Minn. R. Civ.App. P. 104.03 is deleted. The effect of the deletion of rule 104.03 is that the general timing rule, Minn. R. Civ.App. P. 104.01, will apply to special proceedings, unless a different time is provided by statute.