**In re the Marriage of Deborah K. MINGEN, Petitioner, Appellant,**

**v.**

**Thomas M. MINGEN, Respondent.**

No. C6–03–152.

Court of Appeals of Minnesota.

June 17, 2003.

John T. Burns, Jr., Sheridan & Burns, Burnsville, MN, for appellant.

Timothy J. McLarnan, McLarnan, Hannaher & Skatvold, Moorhead, MN, for respondent.

Considered at Special Term and decided by TOUSSAINT, Chief Judge; MINGE, Judge; and HUDSON, Judge.

## SPECIAL TERM OPINION

TOUSSAINT, Chief Judge.

This appeal was filed by mail on January 22, 2003. Appellant Deborah K. Mingen seeks review of an amended judgment entered on August 16, 2002, that modifies respondent Thomas M. Mingen's spousal-maintenance obligation. The underlying August 16, 2002, order directs entry of an amended judgment. After entry of the August 16 judgment, no postdecision motions were made until October 23, 2002, when appellant served and filed a motion to amend the August 16 order. On November 20, the district court issued an order denying appellant's motion.

Because it appeared that the 60–day period to appeal the August 16 judgment expired before appellant brought her motion to amend on October 23, this court questioned whether the appeal is timely. The parties submitted memoranda.

## DECISION

■ An appeal may be taken from an order that grants or denies modification of custody, visitation, maintenance, or child-support provisions in an existing judgment or decree. Minn. R. Civ.App. P. 103.03(h). An appealable order is not rendered non-appealable by language directing the entry of judgment. *Marzitelli v. City of Little Canada*, 582 N.W.2d 904, 906 (Minn.1998). The August 16 order modifying respondent's maintenance obligation was appealable even though the order directs entry of judgment.

Unless a different time is provided by statute, an appeal may be taken from an appealable order within 60 days after service by any party of written notice of its filing. Minn. R. Civ.App. P. 104.01, subd. 1. Neither party served a written notice of filing of the August 16 order. But another appellate timing rule provides that no order made prior to the entry of judgment shall be appealable after the expiration of the time to appeal from the judgment. Minn. R. Civ.App. P. 104.02.

■ Under rule 104.02, expiration of the time to appeal the judgment precludes appellate review of the underlying order for judgment, even if an appeal from the order otherwise would have been timely. *Singer v. City of Minneapolis*, 586 N.W.2d 804, 806 (Minn.App.1998). Appellant argues that *Singer* is inconsistent with *Marzitelli* because in *Marzitelli*, the court held that the order at issue was appealable despite the district court's express direction for entry of judgment. *Marzitelli*, 582 N.W.2d at 906. But *Marzitelli* does not address the effect of rule 104.02 on the time to appeal the order. In accordance with rule 104.02 and *Singer*, appellate review of the August 16 order is precluded if the time to appeal the August 16 judgment expired before this appeal was filed. *See Harcum v. Benson*, 135 Minn. 23, 24, 160 N.W. 80, 80 (1916) (dismissing appeal from prejudgment order denying new trial because appeal was not taken until after time to appeal judgment expired).

Unless a different time is provided by statute, an appeal may be taken from a judgment within 60 days after its entry. Minn. R. Civ.App. P. 104.01, subd. 1. If any party serves and files a proper and timely motion of a type specified in the rule, the "time for appeal" of the order or judgment that is the subject of the motion runs for all parties from the service by any party of notice of filing of the order disposing of

the last such motion outstanding. *Id.,* subd. 2. Unless extended by the filing of a proper and timely postdecision motion, the time to appeal the August 16 judgment expired on October 15, which was 60 days after judgment was entered.

A timely motion is proper if the motion is made in compliance with the rules of civil procedure and if, on the face of the document, the party has filed a motion that is expressly allowed under Minn. R. Civ.App. P. 104.01, subd. 2. *Madson v. Minn. Mining & Mfg. Co.,* 612 N.W.2d 168, 171–72 (Minn.2000). The enumerated motions that extend the appeal time include motions to amend or make findings of fact under Minn. R. Civ. P. 52.02 and to alter or amend the judgment under rule 52.02. Minn. R. Civ.App. P. 104.01, subd. 2(b), (c). Although appellant's postdecision motion does not cite rule 52.02, the motion expressly seeks amendment of the August 16 order. Appellant's motion meets the *Madson* requirements for a "proper" motion. But the motion did not affect the time to appeal the August 16 judgment unless it was also "timely."

A notice of motion to amend shall be served within 30 days after a general verdict or service of notice by a party of the filing of the decision or order. Minn. R. Civ. P. 52.02, 59.03. Neither party served notice of filing of the August 16 order. But appellant's motion to amend was not served and filed until October 23, which was after the expiration of the 60–day period to appeal the August 16 judgment.

The district court's jurisdiction to determine a post trial motion does not extend beyond the running of the time for appeal. *Marzitelli,* 582 N.W.2d at 907.

Because Minn. R. Civ.App. P. 104.01, subd. 2, was not in effect at the time *Marzitelli* was decided, parties had to file timely appeals and then apply to the appellate court for a stay of the appeal to allow the district court to decide postdecision motions. *Huntsman v. Huntsman,* 633 N.W.2d 852, 855 (Minn.2001). Rule 104.01, subdivision 2, was promulgated to solve the problem the court confronted in *Marzitelli. Huntsman,* 633 N.W.2d at 855. Under rule 104.01, subdivision 2, once the time to appeal has been "tolled" by a proper and timely postdecision motion, the appeal time commences upon a party's service of notice of filing of the order disposing of the last outstanding postdecision motion. *Id.*

Appellant's motion to amend could not toll the "time for appeal" of the underlying August 16 judgment under rule 104.01, subdivision 2, because the time for appeal of the August 16 judgment had run by the time the motion to amend was served and filed. Rule 104.01, subdivision 2, does not operate to revive an expired appeal period. Appellant's motion to amend was not "timely" within the meaning of rule 104.01, subdivision 2, because, due to the expiration of the time to appeal the August 16 judgment, the district court lacked jurisdiction to consider the motion.

Because appellant's motion to amend did not extend the appeal time, the time to appeal the August 16 judgment expired before this appeal was filed, and appellate review of the August 16 order is precluded under Minn. R. Civ.App. P. 104.02. We must dismiss this untimely appeal. *See* Minn. R. Civ.App. P. 126.02 (prohibiting appellate court from extending time to file notice of appeal); *Township of Honner v. Redwood County,* 518 N.W.2d 639, 641 (Minn.App.1994) (holding that court of ap-

peals lacks jurisdiction to consider untime- ly appeal), *review denied* (Minn. Sept. 16, 1994).

**Appeal dismissed.**