JOYCE M. WILLECK v. GEORGE C. WILLECK.
L. H. DOW, APPELLANT.
HENRY SANDSTROM, CLERK OF DISTRICT COURT,
AND OTHERS, RESPONDENTS.

176 N. W. (2d) 558.

April 10, 1970—No. 42081.

*Paul J. Louisell,* for appellant.

*John C. Arko,* County Attorney, and *James Bang,* Assistant County Attorney, for respondent Henry Sandstrom.

*Newton S. Friedman* and *Leo M. McDonnell,* for respondent First National Bank of Proctor.

*Roger Hargrave,* for respondents David J. and Claudia J. Ankarlo.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Theodore B. Knudson, JJ.

PER CURIAM.

This is an appeal from a judgment entered in a special proceeding to determine adverse claims, which judgment denied in part the relief sought in the petition of L. H. Dow for an order to show cause in a divorce action.

Joyce M. Willeck instituted an action for divorce from her husband, George C. Willeck, on July 12, 1962, in St. Louis County. The divorce was granted on November 12, 1962. The only property the couple owned—their home—was awarded to both, but Joyce was given the right of sole possession.

The First National Bank of Proctor obtained a judgment against Joyce and George Willeck and docketed it in St. Louis County on April 24, 1963.

The property of the Willecks was sold pursuant to court order in April 1965 and the proceeds, $1,248.83, were deposited with the clerk of district court. On October 20, 1966, the clerk of court was given a satis-

faction of the $968.42 remaining on the bank's judgment and paid out to it $968.42 of the proceeds from the sale of the Willeck property.

On August 11, 1967, L. H. Dow, appellant here, filed a petition with the district court and secured an order to show cause why the petition should not be granted. In substance the petition requested that the court rule that the bank was not entitled to the $968.42 paid to it and that he, Dow, be given judgment against either the bank for $968.42 or the clerk of court for $1,248.50. Dow based his claim to the proceeds on a quitclaim deed from George Willeck dated December 11, 1964. Dow, an attorney, had represented Willeck in the divorce proceeding.

Following a hearing upon the order to show cause, on March 11, 1969, the district court filed its order directing the clerk of court to pay to Dow the remaining $280.41 but denying all other relief sought. Judgment was entered thereon the same day.

Notice of the filing of the order was served on Dow's attorney by mail on March 12, 1969.

On May 27, 1969, notice of this appeal was served on respondents, the bank, the clerk of court, and the purchasers of the property.

We hold that the appeal must be dismissed for failure to bring it within the time provided by law.

Because this was a special proceeding[1] the time for an appeal to be taken is 30 days. Rules 103.03(h), 104.01, and 104.03, Rules of Civil Appellate Procedure; Minn. St. 605.09(h). This is true even though a judgment was entered.

---

[1] A special proceeding is defined as usually meaning such a proceeding as may be commenced independently of a pending action by petition or motion, upon notice, in order to obtain special relief. Its existence is not dependent upon the existence of any other action and it therefore is not an integral part of the original action but is separate and apart. It adjudicates by final order a substantial right distinct from any judgment entered upon the merits of the original action. Beatty v. Winona Housing & Redevelopment Authority, 277 Minn. 76, 151 N. W. (2d) 584; Chapman v. Dorsey, 230 Minn. 279, 41 N. W. (2d) 438; Anderson v. Langula, 180 Minn. 250, 230 N. W. 645.

The original action here was a divorce proceeding. Dow's petition to obtain the proceeds from the sale of the Willeck property was separate and distinct from that action. The rights determined in this proceeding are completely separate from the merits of the divorce proceeding. The petition and subsequent proceeding upon Dow's petition can only be classified as a "special proceeding."

The time for appeal from an order is 30 days after service of written notice of filing. Rule 104.01. An appeal from a judgment made in a special proceeding must be taken within the time limit for an appeal from an order. Rule 104.03; Minn. St. 605.09(h).

Here the order and judgment were filed on March 11, 1969. Notice of filing was served on the adverse party on March 12, 1969. Notice of appeal was not given until May 27, 1969. This is more than 2 months after the notice of appeal was filed and clearly falls outside the 30 days permitted by rule and statute.

Appeal dismissed.