STATE BANK OF ROSE CREEK,
Respondent,

v.

COMMERCE COMMISSION of the State
of Minnesota, Appellant,

and

STATE BANK OF ROSE CREEK,
petitioner, Respondent,

v.

Michael J. PINT, Commissioner of
Banks, Appellant.

No. 51662.

Supreme Court of Minnesota.

May 22, 1981.

Warren Spannaus, Atty. Gen., and Jacqueline P. Taylor, Sp. Asst. Atty. Gen., St. Paul, for appellants.

Gordon Rosenmeier, Little Falls, for respondent.

TODD, Justice.

The State Bank of Rose Creek (Rose Creek), a Minnesota bank, sought authority to establish a detached facility pursuant to

Minn.Stat. § 47.54 (1980). A combined order and certificate authorizing the detached facility were issued which commenced the statutory period for the establishment of the facility. Rose Creek failed to meet the statutory 12-month time period specified within the order, and the combined order and certificate were revoked in a subsequent order. Rose Creek filed various appeals to the trial court and the Commerce Commission of the State of Minnesota (commission) which challenged the effect of the cancellation. The appeals were consolidated at the trial court level, and the trial court issued an order which effectively permitted Rose Creek to proceed to open a detached facility. We affirm the decision of the trial court.

Rose Creek was organized as a bank under Minn.Stat. § 45.04 (1980). Subdivision 2 of that section provides in part:

If, upon the hearing, it shall appear to the commission that the application should be granted, it shall, not later than 90 days after the hearing, and after the applicants have otherwise complied with the provisions of law applicable to the organization of a bank, including the provisions herein contained, make and file in the office of the commissioner of banks its order, in writing, directing him to issue the certificate of authorization as provided by law. If the certificate of authorization is not activated within a period of 12 months from date of directive to the commissioner of banks, the department of commerce may upon notice in writing to the applicants request a new hearing.

For a number of years, the Minnesota Legislature had considered the question of detached facilities and in 1971, the legislature authorized the operation of detached facilities which are located within 1,000 feet of the main bank building. In 1977, the law was amended to permit operation of such facilities within 25 miles of the principal bank building. In adopting procedures for authorizing such facilities, Minn.Stat. § 47.-54 (1980) was enacted which provides in part:

Subd. 2. If no objection is received by the commissioner within 30 days after the publication and mailing of the notices, the commissioner shall issue his order approving the application without a hearing if he finds that (a) the applicant bank meets current industry standards of capital adequacy, management quality, and asset condition, (b) the establishment of the proposed detached facility will improve the quality or increase the availability of banking services in the community to be served, and (c) the establishment of the proposed detached facility will not have an undue adverse effect upon the solvency of existing financial institutions in the community to be served. Otherwise, the commissioner shall deny the application.

Subd. 3. If any bank within three miles of the proposed location of the detached facility objects in writing within 30 days, the commissioner shall fix a time, within 60 days after filing of the objection, for a hearing, and the record of the hearing shall be considered by the commissioner in deciding whether or not the application shall be granted. * * *.

Subd. 4. If upon the hearing, it appears to the commissioner that the requirements for approval contained in subdivision 2 have been met, he shall, not later than 90 days after the hearing, and after the applicant has otherwise complied with the provisions of law applicable to the establishment of a facility, issue the certificate of authorization. If a facility is not activated within 18 months from the date of issue of the certificate, the certificate shall automatically expire. If the commissioner's order is appealed, the commissioner may grant such reasonable extensions of time as he deems necessary, but the extensions may not exceed a total of 18 months from the date on which all appeals or rights of appeal from the commissioner's order have concluded or expired. At the expiration of the extensions, the order and certificate shall automatically expire.

By comparing the language of Minn.Stat. 45.04, subd. 2 (1980), and Minn.Stat. § 47.54, subd. 4 (1980), it is obvious that the latter statute was patterned after the former statute. This assumes importance when considering the action taken by the Commissioner of Banks (commissioner).

In this case, there was no objection to the request, and the commissioner found that the statutory criteria had been met. He then issued a combined order and certificate of authorization based on his belief that Minn.Stat. § 47.54 (1980) required such action. In effect, the issuance of the certificate simultaneously with the order initiated the statutory time period under subd. 4 for activation of the facility.

Originally, Minn.Stat. § 47.54, subd. 4 (1980), provided for a 12-month activation period. Rose Creek failed to meet this requirement, and the order and certificate were canceled. Subsequently, the law was amended to increase the activation period to 18 months, and the commissioner retroactively amended the original order to include an 18-month activation period. During this time, Rose Creek was seeking FDIC approval of the detached facility as required by federal statute. Rose Creek realized that it would not secure such approval within the statutory time period for activation of the new facility, so Rose Creek sought to obtain an extension of the certificate of authorization under Minn.Stat. § 47.54, subd. 4 (1980). The commissioner denied the request on the belief that he could grant extensions only where there had been an appeal from an order authorizing a detached facility in a contested case.

On July 23, 1979, Rose Creek filed a petition for judicial review with the district court, requesting review of the commissioner's denial of Rose Creek's request for an extension of time. On that same date, Rose Creek also appealed to the commission for review of the commissioner's actions. The commission affirmed the commissioner's order and the July 24, 1979, deadline for activation of the detached facility.

On November 5, 1979, Rose Creek filed a petition for writ of certiorari and a petition for writ of mandamus with the district court. The district court issued a writ of certiorari that same day, ordering the commission to return to the court all records of the proceedings relating to Rose Creek's "detached facility" matter. The writ of mandamus directed the commission to extend the expiration date for the certificate to the date FDIC approval issues or to show cause why it had not done so. Judgment was entered on June 26, 1980, pursuant to a court order which provided that the commission should have approved Rose Creek's application, free of any time limitations. The commission filed its notice of appeal on August 11, 1980.

The issues presented are:

1. Is the appeal timely?

2. Is the Commissioner of Banks required to issue a certificate of authorization simultaneously with his order approving an uncontested application for a detached facility?

■ 1. Rose Creek contends that this court is without jurisdiction because the appellants did not file their notice of appeal until 46 days after the district court entered its judgment. To sustain this position, Rose Creek contends that the proceedings before the trial court were "special proceedings" which must be appealed within 30 days. Minn.R.Civ.App.P. 104.03, 104.01. We reject this contention. This case involves three proceedings which were consolidated at the trial court level: (1) judicial review of an administrative decision; (2) a petition for a writ of certiorari; and (3) a petition for a writ of mandamus. The trial court entered its judgment, and an appeal from a judgment must be filed within 90 days from the date of judgment. Minn.R.Civ.App.P. 104.01. Here, the appeal from the trial court's judgment is timely unless we accept Rose Creek's view that the inclusion of mandamus and certiorari proceedings modifies the appeal period. We have held that a judgment in mandamus proceedings must be appealed from within 90 days. *State, by Peterson, v. Anderson*, 239 Minn. 144, 58 N.W.2d 257 (1953). While it is conceded

that an order issued in certiorari proceedings must be appealed within 30 days, that rule involves truly special proceedings that arise independently of any other proceedings. We defined such proceedings in *Willeck v. Willeck*, 286 Minn. 553, 554, n.1, 176 N.W.2d 558, 559, n.1 (1970), as follows:

A special proceeding is defined as usually meaning such a proceeding as may be commenced independently of a pending action by petition or motion, upon notice, in order to obtain special relief. Its existence is not dependent upon the existence of any other action and it therefore is not an integral part of the original action but is separate and apart. It adjudicates by final order a substantial right distinct from any judgment entered upon the merits of the original action.

In the context of this case, the writ of certiorari was not an independent proceeding, and thus the time within which that appeal must be filed merges with the time within which an appeal from the judgment must be filed. Accordingly, this appeal is timely.

We note that the appellants contend that Rose Creek's appeal to the district court was not timely since Rose Creek did not appeal from the original order and certificate issued by the Commissioner of Banks. We reject this view because the effectiveness of the termination order is at issue and Rose Creek properly preserved its right to review of this order.

■ 2. The commissioner takes the position that he was compelled by statute to issue his order approving the application for a detached facility and the certificate authorizing the facility at the same time. Such is not the case. Once the commissioner found that Rose Creek met the statutory criteria for establishing a detached facility, Minn.Stat. § 47.54, subd. 2 (1980), merely required the commissioner to issue an order approving the facility. We note that the statute supports the concept that the order of approval and the certificate of authorization could issue independently. In Minn. Stat. § 47.54, subd. 4 (1980), the certificate is referred to separately, and when the order and certificate are both mentioned, they are joined by the conjunctive phrase "and", indicating that separate documents are the subject matter of the subdivision.

In the order, the commissioner could attach reasonable conditions precedent to issuance of a certificate, such as the attainment of FDIC approval if applicable. Although no conditions were attached to the order, applicable federal statutes require Rose Creek to acquire FDIC approval of the detached facility, and until Rose Creek could meet the FDIC standards, there was no reason to issue the certificate of authorization. The trial court was correct in concluding that under Minn.Stat. § 45.04, subd. 2 (1980), there is no time limit imposed on the issuance of a certificate where there is an uncontested application for a detached facility. As indicated above, the commissioner could have imposed some reasonable time limits in the order and would have discretion to extend such time limitations. This procedure is consistent with the process followed when the original charter is first approved and then issued after conditions are met.

Under the first portion of Minn.Stat. § 47.54, subd. 4 (1980), the procedure for processing a contested application is different since the legislature has required that the commissioner issue the certificate of authorization within 90 days after the contested hearing. While the validity of this abbreviated time frame is not before us, the fact that the legislature treats a contested application differently than an uncontested application does not invalidate either procedure. *Minnesota v. Clover Leaf Creamery Co.*, —— U.S. ——, ——, 101 S.Ct. 715, 725, 66 L.Ed.2d 659 (1981).

Affirmed.

SIMONETT, J., took no part in the consideration or decision of this case.