CITY OF SHOREWOOD, et al., petitioner, Appellant,

v.

METROPOLITAN WASTE CONTROL COMMISSION, Metropolitan Council, Respondents,

Hennepin County, et al., Defendants.

No. C8–94–824.

Supreme Court of Minnesota.

June 23, 1995.

Christopher J. Dietzen, Timothy J. Keane, Daniel W. Voss, Larkin, Hoffman, Daly & Lindgren, Ltd., Bloomington, for appellant.

Timothy R. Thornton, H. Torbjorn Svensson, Briggs and Morgan, P.A., Minneapolis, for Metropolitan Waste Control Com'n.

Brian W. Ohm, Jay M. Heffern, Metropolitan Council, St. Paul, for Metropolitan Council.

**OPINION**

COYNE, Justice.

In this proceeding, which arose out of the Metropolitan Waste Control Commission's estimated billing of sewage disposal costs for

calendar year 1993 and the Metropolitan Council's subsequent deficiency tax levy against all taxable property within the boundaries of the City of Shorewood, we review the court of appeals' dismissal of the City of Shorewood's appeal on the ground that the appeal was untimely. We affirm dismissal of the action on other grounds.

Until 1994 the Metropolitan Waste Control Commission operated the sewage disposal system that serves the seven counties—Anoka, Carver, Dakota, Hennepin, Ramsey, Scott, and Washington—of the Metropolitan area.[1] Under the policy direction of the Metropolitan Council, the regional planning agency, the Waste Control Commission was responsible for allocating sewage disposal costs among all local governmental units which discharge sewage into the system—the allocation to be made pursuant to Minn.Stat. § 473.517 (1992).

For the calendar year 1993, the Waste Control Commission billed the City of Shorewood $554,820, including $432,296 for estimated 1993 costs and $122,825 to cover a shortfall in the 1991 estimated cost. In December 1993 after the City had refused to pay more than approximately $370,000, the Council authorized the levy of a deficiency tax of almost $200,000 against all taxable property within the City of Shorewood in order to collect payment of the past due charges for sewage disposal service.

The City promptly instituted an action for a declaratory judgment that the method the Waste Control Commission used to allocate the 1993 costs of treatment works and interceptors in the metropolitan disposal system and the Council's authorization of the deficiency tax levy were arbitrary, capricious, inequitable and confiscatory. In addition, the City sought a writ of mandamus directing the Commission and the Council to adopt a new method of allocating the costs of the metropolitan disposal system in compliance with Minn.Stat. § 473.517, subd. 8 (1992).[2] On motion of the defendants the district judge dismissed the action for lack of jurisdiction, having concluded that the decisions by the Council and the Waste Control Commission with respect to the allocation of the costs of the metropolitan disposal system and the deficiency tax levy were quasi-judicial determinations reviewable exclusively by certiorari. Unfortunately, the order did not merely grant the defendants' motion to dismiss but also directed the entry of judgment. The order was issued on March 3, 1994, and judgment was entered on March 7. On March 9 the commission served notice of making and filing of the order, and on April 19, 1994 the City of Shorewood served and filed its notice of appeal from the judgment of dismissal.

The court of appeals directed the parties to brief four jurisdictional questions. After reviewing the jurisdictional briefs, the court of appeals dismissed the City's appeal on the ground that despite the entry of judgment, appeal could be taken only from the order of dismissal and, as an appeal from the order, the City's appeal was untimely.

Fifty-five years ago, in *Bulau v. Bulau*, 208 Minn. 529, 294 N.W. 845 (1940), *reh'g denied* (Minn., Dec. 12, 1940), this court addressed the converse of the question presented here. In *Bulau* the appeal was taken from an order dismissing the action for lack of jurisdiction. Whether the order was appealable had not been raised, but the court stated that it could not overlook the question because the right of appeal was then governed by statute and appellate jurisdiction cannot be conferred by consent. The court allowed the appeal:

> [G]enerally, judgment of dismissal would be requisite before appeal could be taken. However, where the gist of the dismissal is want of jurisdiction, we believe an appeal from the order dismissing may be allowed.

*Id.*, 208 Minn. at 531, 294 N.W. at 847.

It is interesting to note that on appeal it was held that the district court had jurisdic-

---

1. In 1994 the Metropolitan Waste Control Commission was dissolved and its functions transferred to the Metropolitan Council. Metropolitan Reorganization Act of 1994, ch. 628, art. 2, § 4, subd. 3, 1994 Minn.Laws 1700, 1710.

2. Minn.Stat. § 473.517, subd. 8 was repealed by the Metropolitan Reorganization Act of 1994, ch. 628, art. 3, § 209(a), 1994 Minn.Laws 1700, 1812–13.

tion but that inasmuch as the court had "dismissed on the particular, though mistaken, ground of lack of jurisdiction, nothing further was *necessary* to terminate the proceedings." 208 Minn. at 530, 294 N.W. at 847 (emphasis supplied). In view of the fact that the lower court actually had jurisdiction, had this court held the plaintiff to the general rule, her appeal should have been from a judgment of dismissal. However, the court neither insisted on adherence to the general rule nor suggested that the appellant was required to appeal from the order. The ruling was merely that an appeal from the order "may be allowed."

■ The effect of the decision in *Bulau* was to relieve the parties and their lawyers of the necessity to decide correctly the propriety of the district court's direction for the entry of judgment or its failure or declination to so direct. We are of the opinion that the decision in *Bulau* is as much in accord with reason and justice today as it was 55 years ago. When the court includes in its order of dismissal a direction to enter judgment, the district court administrator is obliged to enter judgment. Under these circumstances it seems to us that counsel are justified in regarding the order as a nonappealable order for judgment and in taking an appeal from the judgment—even though an appeal from the order would be proper.

■ Turning to the merits of the appeal, we agree with the district court's recognition that a writ of certiorari is the exclusive mechanism for obtaining judicial review of the plaintiffs' claims that the methodology used to calculate the estimated 1993 sewage disposal costs allocable to the City of Shorewood and the adjustment of the 1991 estimated costs of sewage disposal previously allocated to the City of Shorewood, and the deficiency tax levy against the property lying within the boundaries of the City were all arbitrary, capricious, inequitable, and confiscatory. *See Dietz v. Dodge County*, 487 N.W.2d 237 (Minn.1992). As this court pointed out in *City of Brooklyn Center v. Metropolitan Council*, 306 Minn. 309, 243 N.W.2d 102 (1975), *reh'g denied* (Minn., Apr.

16, 1976) *as amended* (Minn., May 6, 1976), similar predecessor statutory language did not set a precise formula for allocating costs, and the legislature reposed in the Council and in the predecessor of the Commission considerable discretion with respect to the method of allocating costs. There can hardly be any doubt, we conclude, that the estimation of contemplated annual usage and the adjustment of previous estimates to conform with actual usage requires the exercise of a great deal of discretion and judgment and the finding of facts that are not always self-evident.

We have previously included actions of the kind involved in the allocation of disposal system costs and the deficiency tax levy within our definition of "quasi-judicial":

> The term "quasi judicial" indicates acts of the city officials which are presumably the product or result of investigation, consideration, and deliberate human judgment based upon evidentiary facts of some sort commanding the exercise of their discretionary power. It is the performance of an administrative act which depends upon and requires the existence or nonexistence of certain facts which must be ascertained, and the investigation and determination of such facts cause the administrative act to be termed quasi judicial.

*Oakman v. City of Eveleth*, 163 Minn. 100, 108–09, 203 N.W. 514, 517 (1925).

Our conclusion that the allocation of the costs of the disposal system as well as the deficiency tax levy are quasi-judicial seems particularly appropriate with respect to the City of Shorewood, which, because of its proximity to Lake Minnetonka and the consequent infiltration of ground water into the sewage system, is said to have the greatest amount of unmetered discharge into the system of any municipality served by the metropolitan disposal system.

Accordingly, for the several reasons articulated in *Dietz v. Dodge County*, 487 N.W.2d 237 (Minn.1992), we hold that the actions of the Metropolitan Council and the Metropolitan Waste Control Commission at issue here are reviewable only by writ of certiorari.[3]

---

**3.** To the extent that *City of Brooklyn Center v.*     *Metropolitan Council,* 306 Minn. 309, 243

The time to petition for a writ of certiorari pursuant to Minn.Stat. § 606.01 (1992) having long since expired, we affirm the district court's dismissal of this action.

ANDERSON and STRINGER, JJ., took no part in the consideration or decision of this case.

N.W.2d 102 (1975), may be construed as approving challenge of the method used to allocate

disposal costs by declaratory action, it is overruled.