In re the Arbitration Between
Jean PULJU, Appellant,

v.

METROPOLITAN PROPERTY &
CASUALTY, Respondent.

No. CX–95–723.

Supreme Court of Minnesota.

July 21, 1995.

### ORDER

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that the petition of Jean Pulju for further review be, and the same is, granted for the limited purpose of reversing the May 5, 1995 order and June 6, 1995 decision of the court of appeals dismissing the appeal. The appeal is reinstated and the matter is remanded to the court of appeals for its consideration and disposition of the merits of the appeal.

BY THE COURT:

/s/ Alexander M. Keith
Chief Justice

### MEMORANDUM

Relying upon its own decision in *Mely v. State Farm Ins. Co.,* 530 N.W.2d 216, 217 (Minn.App.1995), the court of appeals characterized "district court actions pertaining to arbitration" pursuant to Minn.Stat. ch. 572 (1994) as "special proceedings." *See* Minn. R.Civ.App.P. 103.03(g). It then reasoned that a timely notice of appeal from the judgment entered on January 3, 1995, would necessarily be filed no later than 30 days after the adverse party served written notice of the entry of judgment. Here, Metropolitan served written notice on January 11, 1995, and the notice of appeal was filed on March 31, 1995. The court of appeals dismissed the appeal.

Arbitration proceedings are statutory in nature and governed by the comprehensive provisions of Minn.Stat. ch. 572. While the district court order granted the motion to vacate the award in part, the practical effect of its final order was to *modify* the award by allowing a portion of it to stand. Its correction or modification of the award pursuant to Minn.Stat. § 572.20 (1994) resulted in the entry of judgment in accordance with Minn. Stat. § 572.21 which provides that upon an order confirming, modifying or correcting an award, "judgment or decree shall be entered in conformity therewith and be *enforced as any other judgment and decree.*" (Emphasis added). More specifically, Minn.Stat. § 572.26, subd. 1 (1994) authorizes an appeal from the orders designated therein *or* from a "judgment or decree entered pursuant to the provisions of this chapter" and subdivision 2 provides that *"the appeal shall be taken in the manner and to the same extent as from orders or judgments in a civil action."* (Emphasis added). The appeal, taken within 90 days of the entry of judgment, was therefore timely.

Without decisional or statutory authority and for reasons not clear from its decision, the court of appeals has undertaken to whol-

ly reshape long-accepted methods of appeal by declaring that arbitration proceedings are "special proceedings" within the meaning of Minn.R.Civ.App.P. 103.03(g). We are unable to identify any purpose served by this characterization and conclude that it is contrary to the cumulative discussions of the nature of "special proceedings" contained in *Chapman v. Dorsey*, 230 Minn. 279, 41 N.W.2d 438 (1950) and *Willeck v. Willeck*, 286 Minn. 553, 176 N.W.2d 558 (1970).

Appeal reinstated and remanded to the court of appeals.