**SEMICONDUCTOR AUTOMATION, INC., Appellant,**

v.

**LLOYDS OF LONDON, a foreign corporation, et al., Respondents.**

No. C3–95–1647.

Court of Appeals of Minnesota.

Feb. 6, 1996.

Review Denied March 19, 1996.

Jonathan D. Hollister, Rauenhorst & Knaak, Roseville, for Appellant.

Jon A. Hanson, Timothy L. Blakely, Hanson Lulic & Krall, South Minneapolis, for Respondents.

Considered and decided by DAVIES, P.J., and KALITOWSKI and PETERSON, JJ.

## OPINION

KALITOWSKI, Judge.

Semiconductor Automation, Inc. (SAI) challenges the dismissal of Lloyds of London (Lloyds), a foreign corporation, for insufficient service of process. Lloyds seeks dismissal of this appeal, arguing that SAI's failure to appeal within 90 days of the district court's dismissal of Lloyds deprives this court of jurisdiction.

## FACTS

Lloyds, acting at the request of its insurance broker Tower Special Facilities, Inc. (Tower), a foreign corporation, issued a policy on property owned by SAI. On July 17, 1993, a burglary and vandalism occurred on the property. On June 13, 1994, Tower and Lloyds denied the insurance claim of SAI, based on SAI's failure to cooperate with the claim investigation. The denial letter advised SAI that it had approximately 1 month to sue before the 12–month policy limitation period ran. SAI subsequently filed a complaint against Tower and Lloyds alleging breach of insurance contract. SAI successfully served Tower and attempted service on Lloyds.

On October 24, 1994, the district court granted Lloyds' rule 12.02(d) motion to dismiss for insufficient service of process. The order for judgment did not contain the express appealability language contemplated by Minnesota Rules of Civil Procedure 54.02. A partial judgment dismissing Lloyds was entered on November 30, 1994. The court later dismissed Tower, and a final judgment was entered on May 9, 1995. SAI filed its notice of appeal on August 3, 1995, challenging the November 30, 1994, dismissal of Lloyds and raising no issues related to the May 9, 1995, judgment dismissing Tower.

## ISSUE

In a civil case with multiple defendants, is a partial judgment dismissing one defendant for insufficient service of process immediately appealable, notwithstanding Minnesota Rules of Civil Procedure 54.02?

## ANALYSIS

A challenge to the sufficiency of service of process involves an issue of jurisdiction. *Amdahl v. Stonewall Ins. Co.*, 484 N.W.2d 811, 814 (Minn.App.1992), *review denied* (Minn. July 16, 1992). The right to immediate appellate review of a jurisdictional ruling arises without regard or reference to the appellate rules. *In re State & Regents Bldg. Asbestos Cases*, 435 N.W.2d 521, 522 (Minn.1989)(citing *Hunt v. Nevada State Bank*, 285 Minn. 77, 172 N.W.2d 292 (1969)). Further, either an order *or* judgment dismissing for lack of jurisdiction is immediately appealable. *City of Shorewood v. Metropolitan Waste Control Comm'n*, 533 N.W.2d 402, 403–04 (Minn.1995).

Ordinarily, where multiple parties are involved in litigation, a partial judgment as to fewer than all parties is appealable only if the trial court makes "an express determination that there is no just reason for delay" and expressly directs that judgment be entered. Minn. R. Civ. P. 54.02; *see also* Minn. R. Civ.App. P. 104.01 (same). Rule 54.02 defers appellate review of most orders adjudicating the rights or liabilities "of fewer than all the parties[,]" but it does not apply to a dismissal for lack of jurisdiction. A dismissal for lack of jurisdiction is immediately appealable independent of the rules, and the inclusion of rule 54.02 language is not a prerequisite to appellate review.

When judgment was entered dismissing Lloyds on November 30, 1994, SAI had 90 days to appeal. *See* Minn. R. Civ.App. P. 104.01. Thereafter, dismissal of Lloyds became law of the case, and the judgment and underlying order were no longer appealable. *See* Minn. R. Civ.App. P. 104.02 ("No order made prior to the entry of judgment shall be appealable after the expiration of time to appeal from the judgment."), 126.02 (appellate court cannot extend time for filing a notice of appeal). Because the challenge by SAI to the dismissal of Lloyds for lack of jurisdiction is untimely and because SAI has

raised no issues with respect to the dismissal of Tower, this appeal must be dismissed.

## DECISION

SAI's failure to appeal the order and judgment dismissing Lloyds for lack of jurisdiction within 90 days after judgment was entered on November 30, 1994, deprives this court of jurisdiction and requires dismissal.

**Appeal dismissed.**