John P. MARZITELLI, et al., Respondents,

v.

**CITY OF LITTLE CANADA, Appellant.**

No. C9–97–152.

Court of Appeals of Minnesota.

Oct. 7, 1997.

Review Granted Dec. 22, 1997.

Deno W. Berndt, Warchol, Berndt & Hajek, P.A., Minneapolis, for respondents.

Paul T. Ostrow, Sweeney, Borer & Ostrow, St. Paul, for appellant.

Considered and decided by HUSPENI, P.J., and AMUNDSON, and FOLEY,* JJ.

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const.

## OPINION

AMUNDSON, Judge.

Appellant city challenges the district court's remand of the city's assessment. The district court found that the city's assessment of the value of improvements to respondents' property was too high, yet it did not establish a permissible assessment ceiling. We affirm and remand.

## FACTS

Respondents John Marzitelli, et al. (Marzitelli) are the former owners of a residential property (the property) in the city of Little Canada (city), which is the appellant in this action. The city made street, curb, and gutter improvements in the area and assessed Marzitelli $5,158.75 for improvements that benefitted his property. In a special proceeding, Marzitelli appealed the assessment to the district court. The district court initially found that benefit to Marzitelli's property was greater than or equal to the assessment and dismissed Marzitelli's appeal.

The order dismissing Marzitelli's appeal was dated September 11, 1996, and contained the legend "LET JUDGMENT BE ENTERED ACCORDINGLY." The city served notice of filing of this order on October 1, 1996. On October 18, 1996, Marzitelli served and filed a motion for modified findings and conclusions or a new trial. A hearing on this motion was held on November 1, 1996. On December 19, 1996, the court issued amended findings of fact and conclusions of law and ordered judgment vacating the city's assessment, determining that the benefit to Marzitelli's property was less than the assessment. The court remanded to the city for reassessment. The December 19 findings, conclusions, and order for judgment did not direct that "JUDGMENT BE ENTERED ACCORDINGLY." On January 17, 1997, the city appealed from the December 19 order.

## ISSUES

1. Did the district court have jurisdiction to amend its findings?

2. Are the amended findings clearly erroneous?

art. VI, § 10.

3. Did the district court err by failing to establish a permissible assessment ceiling?

## ANALYSIS

### I. Jurisdiction

■ The city argues that the district court did not have jurisdiction to issue amended findings of fact, conclusions of law, and an order for judgment (amended findings). Jurisdictional questions are legal in nature. This court need not defer to the district court on legal issues. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984).

■ The city argues that because the September 11, 1996, order was a final order in a special proceeding, it was independently appealable, and the district court lacked jurisdiction to amend the order after the time for appeal expired. The city argues that the time for appeal ran from the September 11 order and therefore it had expired. But the September 11 order was rendered non-appealable by the language, "LET JUDGMENT BE ENTERED ACCORDINGLY." When a district court directs entry of judgment, the proper appeal is from the judgment, not from an otherwise appealable order. *Saric v. Stover*, 451 N.W.2d 65, 65 (Minn.App.1990); *City of Shorewood v. Metropolitan Waste Control Comm'n*, 533 N.W.2d 402, 404 (Minn.1995). The city's notice of filing of the September 11 order for judgment did not limit the time of appeal. Because the time for appeal had not expired, the district court retained jurisdiction over the matter.

■ We conclude that once the district court has jurisdiction over the case, it is at liberty to amend its findings. There is no case law that prohibits amended findings in special proceedings. The December 19 order was the final decision in this special proceeding and the city's appeal is proper and timely. We note that this appeal was not taken from a judgment, but the appeal period is the same for orders *and* judgments in special proceedings. Minn. R. Civ.App. P. 104.03. The September 11 order was not appealable because it directed that judgment be entered.

Had that judgment been entered and had the city served notice of filing for the resulting judgment, the result would have been different. But no such notice was served to limit the time to appeal the judgment or the December 19 order, and this appeal is timely.

### II. Amended Findings

■ The city asserts that even if the district court had jurisdiction to issue amended findings, those findings were clearly erroneous. This court reviews the district court's determination of a special assessment by carefully examining the record to ascertain whether the evidence supports the district court's findings and whether the findings support its conclusions. *Schumacher v. City of Excelsior*, 427 N.W.2d 235, 237 (Minn. 1988). The city focuses on the credibility of Marzitelli's appraiser. But we will not disturb the findings of the district court unless they are clearly erroneous, and we must give due regard to the district court's duty to judge the credibility of witnesses. Minn. R. Civ. P. 52.01.

■ In reviewing a special assessment, the district court must determine the increase in the fair market value of the benefited land attributable to the improvements. *Schumacher*, 427 N.W.2d at 236–37. In this case, the trial transcript reveals a conflict between two appraisers, Phillip Stokes for Marzitelli, and William Peterson for the city. Stokes testified that the improvements did not make a difference in the fair market value of the property. Peterson testified that the improvements improved the value of the property by $6,000. It seems that the district court initially was swayed by Peterson's testimony, or that it discounted Stokes's testimony. The district court's memorandum regarding its amended findings shed light on the very different findings in the second judgment:

> The Court found Appellants' appraiser's testimony incredible where he stated that "curbs and gutters" did not improve the value of Plaintiffs' property. The Court believes curbs and gutters improved the value of this property but not to the extent of the special assessment. However, upon

further reflection, the Court agrees with Plaintiffs' counsel that $5,158.78 as an assessment for curbs and gutters constitutes an unconstitutional taking of Plaintiffs' property where the property only contains 10 to 18 feet of frontage.

The district court evidently reconsidered the assessment based on the frontage, and in light of the frontage, reweighed the witnesses' credibility. Giving proper deference to the district court's duty to make credibility determinations, we do not reverse.

### III. Assessment Ceiling

■ The city further argues that the district court erred by failing to establish a permissible assessment ceiling. The supreme court has made clear that a district court must order a reassessment if it finds that a reduction is appropriate. *Buettner v. City of St. Cloud,* 277 N.W.2d 199, 204–05 (Minn.1979). An "independent finding of special benefit establishes a permissible assessment ceiling." *Id.* at 205. But the district court in this case made no findings on the value of the benefit to the assessed property. It is "counterproductive for the trial court to order the assessment reduced without also communicating a specific allowable figure." *Id.* We remand for the district court to determine the benefit to the property and to establish a permissible assessment ceiling.

### DECISION

The district court's inclusion of language directing that "JUDGMENT BE ENTERED ACCORDINGLY," rendered the order non-appealable. The time for appeal had not expired and the district court retained jurisdiction to amend its findings. We affirm the amended findings, but we remand for a determination of the permissible assessment ceiling.

**Affirmed in part, and remanded.**

DANIEL F. FOLEY, Judge (dissenting).

I write separately in dissent to express concern over the interpretation that our court consistently gives to appeals in special proceedings.

When given the opportunity to do so, I urge the Minnesota Supreme Court to review the rule concerning appeals in special proceedings and clarify whether adding the phrase, "[l]et judgment be entered accordingly," renders the otherwise appealable order under Minn. R. Civ.App. P. 103.03(g) nonappealable until judgment has been entered. While acknowledging that orders in special proceedings are appealable under Minn. R. Civ.App. P. 103.03(g), our court holds, as does the majority here, that adding the words, "[l]et judgment be entered accordingly," renders the appealable order nonappealable until judgment has been entered.

With all due respect to my colleagues, it is my view that this holding is incorrect. In *Willeck v. Willeck,* 286 Minn. 553, 554, 176 N.W.2d 558, 559–60 (1970), supreme court dismissed an appeal from a judgment entered in a special proceeding for failure to bring the appeal within the time provided by law. There, the supreme court held:

> Because this was a special proceeding, the time for an appeal to be taken is 30 days. Rules 103.03(h), 104.01, and 104.03, Rules of Civil Appellate Procedure; Minn.St. 605.09(h). *This is true even though a judgment was entered.*

> \*　　\*　　\*　　\*　　\*　　\*

> An appeal from a judgment made in a special proceeding must be taken within the time limit for an appeal from an order.

*Willeck,* 176 N.W.2d at 559–560 (emphasis added).

In *Pulju v. Metropolitan Property & Cas.,* 535 N.W.2d 608, 609 (1995), the supreme court admonished this court not to reshape the concept of "special proceedings" contrary to the "cumulative discussions of the nature of 'special proceedings' contained in *Chapman v. Dorsey,* 230 Minn. 279, 41 N.W.2d 438 (1950) and [*Willeck* ]."

As the majority concedes, the September 11, 1996, order was independently appealable. The appeal in this case was not taken

until January 17, 1997. It is therefore my view that all that took place in this case from a procedural standpoint following 30 days from September 11, or, if it could apply, from October 16, 1996, when judgment was initially entered, was superfluous and deprived the trial court of subject matter jurisdiction, and the supreme court as well.

Applying the standard set out by the supreme court, the appeal in this case was untimely because it was not taken within the time limit for an appeal from an order, and should be dismissed. The September 11 order should be enforced.