John P. MARZITELLI, et. al., Respondents,

v.

CITY OF LITTLE CANADA, petitioner, Appellant.

No. C9-97-152.

Supreme Court of Minnesota.

Aug. 20, 1998.

Patrick J. Sweeney, Sweeney Border & Sweeney, St. Paul, for appellant.

Deno W. Berndt, Warchol Berndt & Hajek, Minneapolis, for respondents.

## OPINION

BLATZ, Chief Justice.

The narrow issue presented in this appeal is whether the district court had jurisdiction to amend its September 12, 1996 Findings of Fact, Conclusions of Law, and Order for Judgment (order) on December 23, 1996. Resolution of this issue turns on whether the time for appeal, and the district court's jurisdiction to amend its findings, terminated 30 days after service of notice of filing of the September 12th order or whether language in the order directing the entry of judgment rendered it nonappealable, thereby postponing the running of the time for appeal and extending the district court's jurisdiction. We hold that the language directing the entry of judgment did not affect the appealability of the order in this special proceeding and, therefore, the district court's jurisdiction ended once the time to appeal from the order expired without appeal having been taken.

The facts pertinent to this appeal are undisputed. The respondents, John and Maria Marzitelli, owned property located at 168 Old County Road C in the City of Little Canada. In April 1994, the Marzitellis joined the majority of their neighbors in opposing the Little Canada City Council's plan to improve their street and add curbs and gutters. They petitioned for an alternative, less expensive plan. The city council rejected their petition and proceeded with the project. On October 24, 1995, the city council adopted an assessment roll that placed the value of the improvements to the Marzitellis' property at $5,158.78.

Pursuant to Minn.Stat. § 429.081 (1996), which establishes the procedure for appealing a special assessment in the district courts, the Marzitellis filed a timely appeal of the assessment.[1] Following a two-day hearing, the district court issued an order entitled Findings of Fact, Conclusions of Law, and Order for Judgment, which was filed on September 12, 1996. The district court found that, as of the assessment date, the property had benefited from the street improvements in the amount of $6,000, an amount greater than the special assessment. Moreover, the district court found that the formula used to calculate the value of the improvements was not unreasonable or arbitrary. The court ordered the appellant's appeal dismissed and awarded costs to Little Canada. The court also included a sentence at the end of the order stating "LET JUDGMENT BE ENTERED ACCORDINGLY."

On October 16, 1996, the court administrator entered judgment. The Marzitellis then filed a notice of motion and motion for amended findings or new trial on October 18, 1996. A hearing on the motion was scheduled for October 30, 1996, but was delayed until November 20, 1996 by stipulation of the parties. Following the hearing, the district court issued an amended order entitled Amended Findings of Fact, Conclusions of Law, and Order for Judgment filed on December 23, 1996. In the amended order, the court concluded that the assessment constituted an unconstitutional taking of the Marzitellis' property without fair compensation and the court vacated the special assessment and remanded the matter to Little Canada for reassessment. This order did not direct that judgment be entered. Appeal was taken from the amended order on January 23, 1997.

In a two-to-one opinion, the court of appeals held that the district court had jurisdiction to amend the September 12th order.[2] The court reasoned that the September 12th order was rendered nonappealable by a sentence providing "LET JUDGMENT BE ENTERED ACCORDINGLY" and, therefore, proper appeal should be taken from the judgment.[3] Furthermore, the court determined that the time for appeal from the judgment had not begun to run because Little Canada had not served notice of the entry of the judgment on the Marzitellis.[4] However, the dissent argued that the language directing the entry of judgment did not affect the appealability of the September 12th order.[5] The dissent emphasized that the rules governing special proceedings require that appeals be brought within 30 days, the time limit for orders.[6] Therefore, the dissent concluded that the matter became final and neither the district court nor the appellate court could exercise jurisdiction.[7]

The dates governing this jurisdictional issue are not in dispute. Therefore, it is a purely legal issue that we review de novo.[8] We begin by holding that the special

1. Minn.Stat. § 429.081 provides that an aggrieved individual may appeal to the district court by serving notice of appeal upon the mayor or clerk of the municipality within 30 days after the adoption of the assessment. This is the exclusive method of appeal from a special assessment levied pursuant to chapter 429. *Id.* The statute does not specify any special procedures for posthearing motions.

2. *Marzitelli v. City of Little Canada,* 569 N.W.2d 429, 431 (Minn.App.1997).

3. *Id.*

4. *Id.*

5. 569 N.W.2d at 432.

6. *Id.*

7. *Id.* at 433.

8. *Frost–Benco Elec. Ass'n. v. Minnesota Pub. Utils. Comm'n.,* 358 N.W.2d 639, 642 (Minn. 1984).

assessment appeal before the district court was in the nature of a special proceeding.[9] Appeals from special proceedings are governed by Minn. R. Civ.App. P. 103.03(g), which permits appeal "from a final order, decision or judgment affecting a substantial right made in an administrative or other special proceeding, provided that the appeal must be taken within the time limited for appeal from an order."[10] An order may be appealed within 30 days after service of written notice of filing by the adverse party.[11] If the time for appeal from an order expires without appeal having been taken, then the order becomes final and the district court's jurisdiction to amend the order is terminated.[12]

■ The court of appeals held that the district court's September 12th order was rendered nonappealable by the language in the order providing "LET JUDGMENT BE ENTERED ACCORDINGLY" and, therefore, the time for appeal did not begin to run when Little Canada served notice of filing of the order on the Marzitellis. In so holding, the court relied in part on *Saric v. Stover*, in which the court of appeals held that language directing the entry of judgment rendered a district court order denying a motion for a new trial nonappealable.[13] The *Saric* court reasoned that, "Since an appeal from the order is authorized, confusion is caused by directing that judgment be entered. However, when the trial court has included such direction in an order, the parties must await the entry of judgment and perfect their appeal from that judgment."[14]

The court's reasoning in *Saric* is contrary to the provisions of the Rules of Civil Appellate Practice and we now overrule that decision. Rule 103.03 of the Minnesota Rules of Civil Appellate Practice governs the appealability of orders and judgments. To allow practice to deviate from the plain language of the rule by treating an order which is appealable under Minn. R. Civ.App. P. 103.03 as nonappealable simply because it contains language directing the entry of judgment would inject great uncertainty and confusion into the law regarding the appealability of orders and their finality. Additionally, it would result in unnecessary delay and increased costs. We reject this approach and hold that an order that is appealable under Minn. R. Civ.App. P. 103.03 remains so, despite language directing the entry of judgment.[15]

Therefore, we conclude that the district court's September 12th order was appealable pursuant to Minn. R. Civ.App. P. 103.03(g) despite language directing the entry of judgment. The time for appeal from this order began running on October 1, 1996, when Little Canada served the Marzitellis with notice of the filing of the order and expired on November 4, 1996, thirty days after service of the notice and an additional three days for service by mail as provided by Minn. R. Civ. P. 6.05. When the time for appeal expired without an appeal being taken, the order became final and the district court no

---

**9.** *See Kokesh v. City of Hopkins*, 307 Minn. 159, 162, 238 N.W.2d 882, 884 (1976). *See also Willeck v. Willeck*, 286 Minn. 553, 554 fn. 1, 176 N.W.2d 558, 559 fn. 1 (1970) (defining a special proceeding as a proceeding that "may be commenced independently of a pending action by petition or motion, upon notice, in order to obtain special relief.").

**10.** *See also* Minn. R. Civ.App. P. 104.03 (limiting the time for appeal from a final order or judgment in a special proceeding to the time permitted for appeal from an order).

**11.** Minn. R. Civ.App. P. 104.01.

**12.** *See generally Indianhead Truck Line, Inc. v. Hvidsten Transp., Inc.*, 268 Minn. 176, 183, 128 N.W.2d 334, 341 (1964).

**13.** 451 N.W.2d 65 (Minn.App.1990).

**14.** *Id.* at 65–66.

**15.** This holding does not affect our holding in *City of Shorewood v. Metropolitan Waste Control Comm'n.* that an appeal may also be taken from an otherwise nonappealable judgment when an appealable order directs that judgment be entered. 533 N.W.2d 402, 404 (Minn.1995). Our holding in *Shorewood* simply provides an accommodation to "relieve the parties and their lawyers of the necessity to decide correctly the propriety of the district court's direction for the entry of judgment or its failure or declination to so direct." *Id.* We further note that *Shorewood* is not applicable to the instant case because the Marzitellis, unlike the appellant in *Shorewood*, did not appeal from the district court's judgment, entered October 16, 1996, within thirty days from the entry of judgment. *See* Minn. R. Civ. App. P. 103.03(g), 104.03.

longer had jurisdiction to decide the Marzitellis' motion for amended findings or a new trial.

We recognize that *Gelin v. Hollister*, cited by the dissent, holds that a district court may retain jurisdiction over a post-trial motion brought prior to the running of the time for appeal.[16] However, this case is not dispositive of the action before us as it was decided prior to the enactment of the Minnesota Rules of Civil Procedure and Civil Appellate Procedure under a rule of law that "[l]imitations upon the time for bringing an appeal, and logically likewise upon the power of the court to modify its judgments and orders during such period, are to be liberally interpreted to avoid a forfeiture" of either right.[17] In contrast, Minn. R. Civ.App. P. 104.01, governing timing of appeals under the rules, has long been held to be jurisdictional and the time for appeal may not be extended.[18] Thus, in the instant case, the trial court's jurisdiction to determine a post-trial motion does not extend beyond the running of the time for appeal.[19] Further, although Little Canada failed to raise the timeliness issue to the district court, it is blackletter law that subject matter jurisdiction may not be waived.[20]

We note that requiring parties to file a timely appeal while a post-trial motion is pending does not deny the parties the opportunity to have the district court decide their motions. Rather, the parties may apply to the appellate court for a stay on the appeal to give the district court time to decide the pending post-trial motion.[21] This procedure not only preserves the time limitation on appeals, but also helps to ensure that the district court hears and rules on the motion in an expedient manner. This is particularly important when the case involves a special proceeding. In such cases, the time for appeal is abbreviated to ensure "speedy and summary determination of matters passed upon by the court[.]"[22] However, as the Marzitellis did not file a timely appeal in this action, they did not avail themselves of this opportunity and the district court lost jurisdiction before it could decide their motion.

The court of appeals is reversed.

GILBERT, Justice (dissenting).

I respectfully dissent from the majority opinion. I believe the trial court retained jurisdiction to amend its findings when the Marzitellis timely moved for a new trial or for amended findings. *See* Minn. R. Civ. P. 52.02, 59.03. The majority of this court, however, now holds that the trial court did not have jurisdiction to correct its own error and that the Marzitellis are bound by an assessment that the trial court ultimately held to be unconstitutional. This anomalous result is the product of inconsistencies between the rules of civil procedure governing motions for a new trial and the rules of civil appellate procedure governing the time limit for appeals.

The rules of civil procedure provide that a trial court may grant a new trial for numerous reasons, including to correct errors of law made at trial. Minn. R. Civ. P. 59.01(f). A hearing on a motion for a new trial or amended findings must be heard within 30

---

16. 222 Minn. 339, 24 N.W.2d 496 (1946).

17. *Id.* at 345, 24 N.W.2d at 500.

18. *See Elwell v. County of Hennepin*, 301 Minn. 63, 72 fn. 5, 221 N.W.2d 538, 545 fn. 5 (1974); Minn. R. Civ.App. P. 126.02.

19. We recognize that this court amended Rule 104.01 effective January 1, 1999. The amended rule modifies the interplay between the rules of civil procedure and the rules of civil appellate procedure by allowing post-trial motions to toll the running of the time to appeal, but it does not apply to the instant case.

20. *See* Minn. R. Civ. P. 12.08(c) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). *See also* 1 D. Herr and R. Haydock, *Minnesota Practice* § 12.16 (3d ed. 1998) ("Since subject matter jurisdiction is a fundamental question going to the very right of the court to adjudicate the dispute between the parties, it may not be conferred on the court by the agreement of the parties nor by their waiver of the right to object.").

21. *See, e.g., Gummow v. Gummow*, 356 N.W.2d 426, 428 (Minn.App.1984) (in which appellate court granted one stay for district court to issue amended findings but denied second request).

22. *In re Rosenfeldt's Will*, 184 Minn. 303, 308, 238 N.W. 687, 690 (1931).

days after the notice of filing of the trial court's decision, unless the court extends the time limit upon good cause shown. Minn. R. Civ. P. 52.02, 59.03. In this case, the hearing on the motion was scheduled for October 30, 1996, which was within the 30 day limit imposed by Minn. R. Civ. P. 59.03. Counsel for Little Canada was unable to attend a hearing on that date. Pursuant to a stipulation by the parties, a new date was agreed upon and the hearing was held on November 20, 1996. Little Canada did not object to the trial court's jurisdiction at the hearing. On December 19, 1996, the trial court issued amended findings of fact, conclusions of law, and order for judgment, which were filed on December 23, 1996.

According to the majority, notwithstanding timely Rule 52.02 and 59 motions, if the time for an appeal from the trial court's order or judgment expires without an appeal having been taken, then the order or judgment becomes final and the trial court's jurisdiction to amend the order terminates. Under Minn. R. Civ.App. P. 103.03(g), 104.01, and 104.03, an appeal in special proceedings must be taken within 30 days after service of written notice of filing of an order by the adverse party or within 30 days after the entry of a judgment. The majority cites *Indianhead Truck Line, Inc., v. Hvidsten Transp., Inc.*, 268 Minn. 176, 183–84, 128 N.W.2d 334, 341 (1964) for the proposition that once the appellate process is terminated or the time for an appeal expires, an order becomes final and the trial court's jurisdiction to amend that order is terminated. Under the majority's expansive interpretation of *Indianhead*, a trial court is without jurisdiction to hear or to rule on pending Rule 52.02 and 59.01 motions after the time for appeal has run.[1] *Indianhead*, however, does not explicitly make this holding.

In *Indianhead*, we addressed the question of when an order from the North Dakota Railroad and Warehouse Commission became final under North Dakota statutes and laws. *Id.* at 182–84, 128 N.W.2d at 339–41. While we acknowledged that "[t]he courts have generally observed that an order or judgment becomes final only after the appellate process is terminated or the time for appeal has expired," we interpreted "final order" as meaning an "ultimate and conclusive order" and held that the commission's final order was not issued until after the second remand because all earlier orders had been reversed on appeal by the district court. *Id.* at 183–84, 128 N.W.2d at 340–41. In the present case, because Rule 52.02 and 59 motions were timely filed, there was no ultimate and conclusive order until the trial court's amended order was filed on December 23, 1996. This conclusion is consistent with our holding in *E.C.I. Corp. v. G.G.C. Co.*, 306 Minn. 433, 434–36, 237 N.W.2d 627, 629 (1976).

In *E.C.I.*, we held that the time limit for taking an appeal was properly computed from the entry of an amended judgment rather than from the original judgment. *Id.* at 435, 237 N.W.2d at 629. The original judgment in *E.C.I.* was "clearly incorrect" and a new judgment was entered approximately 1 month later. We reasoned that the original judgment was not the final judgment of the trial court, thus, the time for appeal did not start to run until the modified judgment was entered. *Id.*

In the present case, the original order was also subsequently found to be incorrect by the trial court. Logic dictates that if the rules provide for a timely motion for a new trial, the trial court must retain jurisdiction to rule on that motion. Rules 52.02 and 59 provide a mechanism for trial courts to cor-

1. It may be argued that, to avoid an adverse ruling, the Marzitellis merely had to file a notice of appeal while their case was pending at the trial court. Such an option, however, does not remedy the procedural difficulty presented by Rule 104.01. If the Marzitellis had filed an appeal, the trial court would have been divested of jurisdiction and the court of appeals would have "confront[ed] either a 'missing' ruling, in which the district court has not ruled on the motion, or a 'late' ruling, in which the trial court ruled after the filing of the appeal." J. Jeff Oxley, *The Fate of Pending Motions on Appeal from Judgment: The Consequences of Minnesota's Rule of Civil Appellate Procedure 104.01*, 76 Minn. L.Rev. 1041, 1045 (1992). The ambiguity surrounding Rule 104.01 impedes efficiency and puts litigants in a precarious position of trying to determine which course to follow, when none appear to be entirely proper. In addition, Rule 104.01 "makes the premature transfer of jurisdiction possible and thus exposes appellants to potential unfairness by depriving them of the trial court's ruling." *Id.* at 1061.

rect errors before involving the appellate courts. An appeal would still be allowed from a denial of the motion or from the amended findings.

We effectively held as much in *Gelin v. Hollister,* 222 Minn. 339, 342–43, 24 N.W.2d 496, 499 (1946). In *Gelin,* we concluded that:

> Where an application [for setting aside the trial court's findings] is made within the time for appeal, the court has the power, for the correction of judicial error, to hear the motion for and to order the modification, vacation, or setting aside of its orders and its judgments after the time for such appeals has expired.

*Id.* Admittedly, there is no rule explicitly authorizing the tolling of the time limit for taking an appeal while a motion for a new trial is pending. *Compare,* Fed. R. Civ.App. P. 4(a)(4) (providing that, after a timely motion for a new trial is filed, "the time for appeal for all parties runs from the entry of the order disposing of * * * the motion * * *"). However, in *Gelin,* we recognized the soundness of tolling the time for appeal while a motion for a new trial is pending, thereby extending the trial court's jurisdiction to rule on a timely and properly made motion.

We have not previously overruled *Gelin,* nor do Minn. R. Civ.App. P. 103.03, 104.01 and 104.03 preclude a trial court from deciding timely post-trial motions for relief under Minn. R. Civ. P. 52.02 and 59. Therefore, under our prior case law, and under Minn. R. Civ. P. 52.02, 59.01 and 59.03, the Marzitellis' filing of a motion for a new trial vested continuing jurisdiction in the trial court to rule on the motion.

As the majority points out, a party who makes a motion for a new trial or amended findings may ask the court of appeals for a stay of the time limitation for appeal. If the stay is granted, it allows the trial court to retain jurisdiction to rule on the motion and also helps ensure that the trial court rules on the motion in an expedient manner. However, there is no assurance that the stay will be granted. In fact, in the case the majority cites to support the proposition that parties may request a stay on an appeal, the court of appeals denied a request for a stay and held that the trial court lost jurisdiction to amend a judgment after an appeal was filed. *Gum-*

*mow v. Gummow,* 356 N.W.2d 426, 428 (Minn.App.1984). In *Gummow,* the court granted one request for a stay of appeal but denied a second, even though the trial court had not yet ruled on a pending motion to amend findings. *Id.* The court of appeals then declared the trial court's amended order, which was filed after a notice of appeal was filed, to be of no effect. *Id.*

Even in special proceedings, a more efficient use of judicial resources would be to first allow the trial court to correct its errors before involving the court of appeals in the process. This process might result in some minor delay, but the delay is justified because:

> [a] motion for a new trial provides both trial court and counsel with a unique opportunity to eliminate the need for appellate review or to more fully develop critical aspects of the record in the event appellate review is sought. * * * The trial court is given * * * the opportunity to correct its own errors without subjecting the parties and the appellate courts to the time, expense and inconvenience involved in an appeal.

*Sauter v. Wasemiller,* 389 N.W.2d 200, 201–02 (Minn.1986). Indeed, in *Sauter,* we held that a party's failure to make a motion for a new trial under Minn. R. Civ. P. 59.01 precludes an appeal alleging trial errors under Minn. R. Civ.App. P. 103.04. *Id.* at 202. Accordingly, I would affirm the court of appeals and hold that the trial court retained jurisdiction to rule on the Marzitellis' motion for a new trial or amended findings.