**James MITCHELL, et al., Appellants,**

v.

**CITY OF OAKDALE, Respondent.**

**No. CX–98–607.**

Court of Appeals of Minnesota.

Dec. 8, 1998.

Patrick J. Kelly, Stephen C. Kelly, Song Lo Fawcett, Bannigan & Kelly, P.A., St. Paul, for appellants.

Thomas J. Radio, Hinshaw & Culbertson, St. Paul, for respondent.

Considered and decided by RANDALL, P.J., and FOLEY * and HOLTAN,** JJ.

## O P I N I O N

DANIEL F. FOLEY, Judge.

Following the district court's order upholding a special assessment and dismissing their appeal, appellants' motion for a new trial was denied. In this appeal, appellants argue that the district court erred in not granting their motion for new trial because they were denied a full and fair opportunity to present their case. We conclude that this court does not have subject matter jurisdiction to consider the merits of this appeal because appellants failed to appeal the district court's order and judgment affirming the special assessment levied against their property within 30 days after the entry of judgment. Therefore, we dismiss the appeal.

## FACTS

Appellants James and Marion Mitchell own 17 acres of land in Oakdale, Minnesota. After hearings, respondent City of Oakdale levied a special assessment of $142,311.69 against appellants' property for a project involving installation of public water, sanitary sewer and storm sewer systems, a new street with a concrete curb and gutter, street lights, and a paved walkway and bikeway. To arrive at the amount of the special assessment, the city's appraiser lumped all five improvements together to calculate the total amount of benefit appellants received from the improvements to their property. Appellants objected to the assessment and filed an appeal with the district court.

In an order and judgment filed January 2, 1998, the district court upheld the special assessment and dismissed the appeal on the merits, concluding that the city had met its burden of proving that the improvements provided a benefit to appellants' property equaling or exceeding the special assessment amount levied against them. The city served appellants with a notice of filing on January 8, 1998.

Appellants then filed a motion for a new trial on January 16, 1998, arguing that the city should have provided evidence of the effect of each separate improvement on the market value of their property. The district court denied the motion for a new trial on March 13, 1998. This appeal was filed on April 3, 1998, challenging both the March 13, 1998, denial of appellants' motion for a new trial and the January 2, 1998, order and judgment.

## ISSUE

Does the appellate court have subject matter jurisdiction to consider the merits of the appeal?

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

** Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

## ANALYSIS

■ A special assessment appeal to the district court is in the nature of a special proceeding. *Marzitelli v. City of Little Canada*, 582 N.W.2d 904, 905–06 (Minn.1998).

> Except as otherwise provided by statute, an appeal from the final order or judgment affecting a substantial right made in * * * [a] special proceeding must be taken within the time limited for the appeal from an order.

Minn. R. Civ.App. P. 104.03; *see also* Minn. R. Civ.App. P. 103.03(g).

In the past we have interpreted rule 104.03 as providing that an appeal from a final judgment in a special proceeding must be taken within 30 days after an adverse party serves written notice of filing. *See, e.g., Hofseth v. Hofseth*, 456 N.W.2d 99, 101 (Minn. App.1990). However, recently, the supreme court indicated that the time to appeal a judgment in a special proceeding expires 30 days after the *entry* of judgment. *Marzitelli*, 582 N.W.2d at 906 n. 15 (citing Minn. R. Civ.App. P. 103.03(g), 104.03).

■ The district court's judgment upholding the special assessment and dismissing the appeal on the merits was filed January 2, 1998. Thus, under Minn. R. Civ.App. P. 103.03(g) and 104.03, the time to appeal from the January 2, 1998, order and judgment expired in early February 1998. Appellants filed a motion for a new trial on January 16, 1998. However, the record reflects that the appeal was not filed until April 3, 1998. Under *Marzitelli*, this court lacks subject matter jurisdiction to consider the merits of the appeal because appellants failed to file an appeal with this court within 30 days after the filing of the district court's January 2 order and judgment. *See Marzitelli*, 582 N.W.2d at 906 n. 15 (indicating that time to appeal in special proceeding expires 30 days after entry of judgment).

■ Appellants concede that the application of *Marzitelli* to this appeal means that their appeal from the judgment was not time-

ly. But they assert that they may still seek review of the district court's order denying their motion for a new trial. We disagree. *Marzitelli* specifically held that a "trial court's jurisdiction to determine a post-trial motion does not extend beyond the running of the time for appeal." *Id.* at 907. Thus, the time to appeal the January 2, 1998 order and judgment was not extended by filing a motion for a new trial, which was denied March 12, 1998, two months after the order and judgment were entered.[1]

## DECISION

This appeal is untimely, and we are precluded from reviewing the district court's denial of appellants' motion for a new trial because we lack subject matter jurisdiction. The time to appeal the order expired 30 days after the filing of the January 2, 1998 order and judgment, well before this appeal was filed on April 3, 1998. The motion for a stay in view of a pending inverse condemnation proceeding between these parties is rendered moot by this decision and dismissal.

**Appeal dismissed.**

---

1. The amendment to Minn. R. Civ.App. P. 104.01, effective January 1, 1999, allows posttrial motions to toll the running of the time to appeal. However, this amendment does not apply to this appeal. *See Marzitelli*, 582 N.W.2d at 907 n. 19 (citing amendment to Minn. R. Civ.App. P. 104.01).